# Waymart Water Company, Appellant, *v.* Borough of Waymart.

*Municipal law—Borough—Contracts—Assent by councils.*

The validity of a contract with a borough binding the latter to pay an annual water rent for a period of years depends on the assent of the borough councils and without such assent the borough is not bound although the paper is executed with all due formality.

A body of this kind should exercise its powers by joint action as a board ; loose discussions without any motion or united action are not sufficient.

*Municipal contract—Assent of councils—Evidence—Parol evidence.*

Where in order to prove the assent of the borough council to the written contract sued on, the plaintiff can show no resolution or ordinance authorizing the contract but must depend upon parol evidence of what was said and done at the council meeting at which it was signed. She has no reason to complain of the admission of evidence tending to show that assent was given conditionally and that the writing does not embody the whole action of council in the matter, or of the submission of such evidence to the jury to determine what was the agreement which the council made or authorized to be made.

*Contract subject to vendee's satisfaction—Right of rejection.*

When an agreement is to make and deliver an article to the satisfaction of the person for whom it is made, the latter, acting in good faith, and not from mere caprice, may refuse to accept if, for any reason, it is really not satisfactory to him, but such refusal cannot be made before an actual bona fide inspection of the article.

Argued Jan. 21, 1897. Appeal, No. 1, Jan. T., 1897, by plaintiff, from judgment of C. P. Wayne Co., Dec. T., 1894, No. 40, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover the price of six hydrants and for certain water rent. Before PURDY, P. J.

The plaintiff company brought suit upon a written contract to recover the cost of six hydrants and for water furnished to the defendant to January 1, 1895, with interest. The cost of the hydrants being $185.38 and the water rent $144.20 making the total claim $329.58.

The evidence tended to show as a defense that the written

contract executed by the chief burgess was in excess of the authority granted by the borough council. Also that even if the agreement were binding there had been a failure in the performance of conditions to the satisfaction of councils as had been agreed upon.

Parol evidence was admitted as to what took place at the meeting of councils where it was alleged that the contract was authorized.

These facts and others will be found more fully set out in the opinion of the Superior Court.

The jury found for the plaintiff for the six hydrants, rejecting the claim for water.

Verdict and judgment for plaintiff for $185.38. Plaintiff appealed.

*Errors assigned* were : (1) In refusing to affirm plaintiff's fifth point, which point and its answer are as follows : "Fifth : There is no evidence offered by the defendant of such clear, precise and indubitable character as to vary the terms of the written contract of August 5, 1893, and the verdict must be for the plaintiff, for a sum to cover the claim for water rents, or $140, with interest on the same from January 1, 1895, to date. *Answer:* That is refused. We think the evidence in this case is for the jury and not for the court to pass upon."

(2) In affirming the defendant's second point, which point and its answer are as follows: "Second: The fair construction of said contract requires the water company to furnish a supply of water of sufficient force and volume to be reasonably effective for the purposes of extinguishing fires ; and the plaintiff cannot recover on said contract unless such supply was furnished before the commencement of this suit, December 11, 1894. *Answer:* This is affirmed."

(3) In its answer to the defendant's third point, which point and answer are as follows : "If a verbal agreement that the Waymart Water Company should supply water and force sufficient to throw an unbroken stream of size and force enough to put out fires, over any building in Waymart, was made at the meeting held August 5, 1893, before the written contract was signed, and that contract was assented to and signed on the part of the borough on the faith of this verbal agreement, the

plaintiff cannot recover on the written contract unless the terms of the verbal agreement were complied with by the water company before the commencement of the suit, December 11, 1894. *Answer:* That is affirmed, with this qualification: the water company are not required to do impossibilities. With the explanation or with the testimony relative to what was contemplated by the term 'any building in Waymart,' we affirm the point. The jury to take into consideration the testimony relative to what was contemplated by the parties with respect to that term, if they should find that the oral contract or agreement alleged by the defendant to have been made at that time in this particular were actually so made."

(4) In its answer to defendant's fourth point, which point and its answer are as follows: " Fourth: If a verbal agreement that a test of the water supply should be made, and that if it was not satisfactory to the town council the borough would have nothing to pay, was made at the meeting held August 5, 1893, before the written contract was signed, and that contract was assented to and signed on the part of the borough, on the faith of the verbal agreement, the plaintiff cannot recover without proving that such test was made and was satisfactory to the town council. *Answer:* This is affirmed, unless it should appear from all the evidence that the council acted in bad faith with reference to such test."

(5) In leaving it to the jury to determine if there was any such agreement as answers the requirement of the law, to change or add to this written contract, which it did in the following language: " You will take all of these facts into consideration in determining what weight is to be given to the entry at the bottom of that page. Does the evidence satisfy you that this memoranda was made at the time and was read to George Patterson or the agents of the water company who were present, and assented to by them? If not, then what was the understanding or agreement between the parties at that time, if there was any such agreement as answers the requirements of the law to change or add to this written contract?"

(6) In misstating the measure of damages for nonfulfilment of contract where it used the following words: "It seems that a test was made. The result of that test you have heard described in the evidence, and we do not intend to review it. Did it an-

swer the requirements or did it not? If it did, and if it was to be satisfactory to the borough authorities and was satisfactory to them, the plaintiff is entitled to recover. If not then the plaintiff is not entitled to recover."

(7) In admitting as evidence the footnote at the bottom of page 139 of the minute book of borough council which reads as follows: "The above agreement on file to be void and of non-effect unless the water company fulfil their verbal agreement with the burgess and council to erect a reservoir that will contain water and force sufficient to throw an unbroken stream of water of size and force enough to put out fires over any build-ing in Waymart. No water furnished according to said agree-ment, no pay to be demanded of the borough." The offer and and ruling being as follows :—

The Court: Do you offer to show that this additional note here was a part of the contract between the parties at that time.

Mr. Wilson: Certainly; a part of the contract set down on the minutes, and a part of the minutes, too.

The Court: For the present we admit this evidence. To this ruling plaintiff excepts. Bill sealed for plaintiff.

Mr. Kimble: We object to this that it contradicts the min-utes and the written instrument, and contains matter not perti-nent to the issue and is not within the province and the duty of the clerk to record. Objection overruled. Plaintiff excepts. Bill sealed for plaintiff.

The Court: It is contended by the defendant that this entry was made or the parol agreement was given to the water com-pany before this was signed. Bill sealed for plaintiff.

(8) In admitting parol evidence to vary the written contract between the parties, the offer, objection and ruling being as fol-lows :—

Mr. Wilson: The defendant offers to prove by the witness on the stand and others that the contract for hydrants and water under which the plaintiff claims was by a verbal agreement here-inafter mentioned made subject to the condition that it was to be void and of noneffect unless the water company fulfilled their verbal agreement with the burgess and council, "to erect a reservoir that will contain water and force sufficient to throw an unbroken stream of water of size and force enough to put out fires over any building in Waymart. No water furnished

according to this agreement, no pay to be demanded of the borough." That such verbal agreement was made at the meeting of the town council of Waymart, August 5, 1893, at which said contract was signed, and before the contract was signed that it was then and there entered on the minutes of the town council by the clerk of the council, at the suggestion of George M. Patterson, who represented the plaintiff at that meeting and acted there in its behalf, and from his dictation. That after being so written it was read aloud by the secretary and assented to by said Patterson and by Frank Hollenback, a director of said water company, also present in behalf of said company and representing it in the premises. That said verbal agreement was the inducement that led to the signing of the said contract on the part of the defendant. That said contract was executed on the part of the defendant solely on the faith of the said verbal agreement placed on the minutes as aforesaid, and would not have been signed without it. To be followed with evidence that said condition and agreement have not been performed by the plaintiff and that water has not been furnished as thereby required.

Mr. Patterson : We object to the offer on the ground that it contains matter which has already been contradicted by this witness upon the stand, and that it is incompetent, irrelevant and immaterial and not the best evidence, and that it contains no offer to show fraud, accident or mistake, and also that it relates to more than one subject-matter.

The Court: Under this offer I do not see how we can exclude the evidence, because it alleges that what is offered to be proven was the consideration for the execution of this agreement. There can be no doubt that parol evidence of agreements or evidence of parol agreements, and negotiations made by the parties at the time of the execution of a written contract, which were in part the consideration or the moving cause for the execution of the written contract, may be given in evidence, and that seems to be the offer in this case, and so understanding it, we admit this evidence. Objection overruled. Plaintiff excepts. Bill sealed for plaintiff.

(9) In overruling the objection of plaintiff's counsel to the cross-examination of George M. Patterson as to the result of the hydrant tests, the offer and ruling being as follows: "Q. What

examination did you make and what did you find on any of those occasions? A. I made the examination by taking some hose there which we borrowed from the City Fire Department of Carbondale, and attached the hose to the hydrants and tried to see what the effect would be on the buildings. Q. Did any water come out of the hose? A. Yes. Q. How far could you throw it?" Objected to. "Q. How much water?" Objected to. Objection overruled. Plaintiff excepts. Bill sealed for plaintiffs. "Go on and state how far the water was thrown by that hose at any time before the suit was brought. A. Do you mean in feet? Q. Yes, sir, in feet. A. I didn't have any balloon and I didn't go up to see. But it went over the buildings and what we tested it on. I have a record of the buildings."

*Frank P. Kimble* and *William A. Wilcox*, with them *Roswell H. Patterson*, for appellant.

*H. Wilson*, with him *A. T. Searle*, for appellee.

OPINION BY RICE, P. J., April 12, 1897 :

By resolution adopted July 18, 1893, the borough council granted to the plaintiff company the exclusive privilege of laying and maintaining water pipes in the borough streets. At a meeting of the council on August 5, 1893, before the reservoir was built or the pipes were laid, officers of the company presented a contract previously prepared, providing, inter alia, as follows : "That the said first party in consideration of the rents to be paid and the agreements hereinafter to be kept and performed by and on the part of the second party, doth hereby grant and lease unto the said second party a supply of water, unless temporarily prevented by accident or unavoidable casualty, for six fire hydrants, to be used for the purpose of extinguishing fires and for no other purpose, through three inch taps to be made in the mains of the first party by said first party into service pipes laid by second party to connect with hydrants to be erected by said second party near the mains of the first party upon locations in said borough of Waymart to be agreed upon by said parties, for and during the term of ten years from the 1st day of September, A. D. 1893, at a rent of $20 per annum, for each hydrant: to be paid quarterly in advance on

the first days of January, April, July and October in each year during the term and continuance of this agreement, and every lawful renewal, holding over or increase in the number of hydrants shall be subject to the provisions of this agreement." After some discussion, to which we shall hereafter refer, the burgess and clerk signed the contract and affixed the borough seal. This was an action to recover the cost of six fire hydrants, furnished and put in place by the plaintiff, and water rent from November 1, 1893, to January 1, 1895, at the annual rate stipulated in the writing. The plaintiff obtained a verdict for the cost of the hydrants, but as to the other branch of the claim there was a verdict and judgment for the defendant, from which the plaintiff appealed.

As this is at the foundation of the plaintiff's case we quote, in this connection, from the minutes, the only recorded evidence of the action of council relative to this matter: "Waymart, August 5, 1893. Meeting of council on call of the burgess at the house of James Staples to consider the matter of purchasing fire plugs of the Waymart Water Company. Present, the full board, viz: L. E. Stanton, burgess," (here follow names of councilmen). "On organization and consideration of the matter, it was resolved by the burgess and council to purchase six fire plugs at $25.00 each, and an agreement with the Water Company of Waymart was signed by the burgess and clerk of the council to that effect: See agreement on file. Attest J. B. Tuthill, clerk." Immediately below this entry appears the following memorandum, which, although not strictly part of the official record, the defendant claimed and gave evidence to show was written, read and assented to by the plaintiff's officers before the contract was signed: "The above agreement on file to be void and of non-effect unless the water company fulfill their verbal agreement with the burgess and council to erect a reservoir that will contain water and force sufficient to throw an unbroken stream of water of size and force enough to put out fires over any building in Waymart. No water furnished according to said agreement, no pay to be demanded of the borough."

It will be observed that the meeting of August 5th was called for a single purpose, namely, to consider the matter of the purchase of fire plugs, that not a word is contained in the resolu-

tion relative to any other matter, and that not a word is contained in the contract in evidence relative to that matter. In short, the resolution was to purchase fire plugs, while the written contract offered in evidence was to furnish to the borough for the purpose of extinguishing fires a supply of water for six fire hydrants, for the term of ten years, for which the borough was to pay a rent of $20.00 a year for each hydrant. When this contract was offered in evidence the defendant's counsel objected to its admission upon the ground that it was broader than the authority given. The plaintiff's counsel, appreciating the force of the objection, met it, in the only way it could be met, as follows : " It is to be followed by parol evidence that the written contract embodies the entire action of the town council at that meeting in which it was drawn, notwithstanding the written minutes may not show it." The contract was then admitted in evidence, but the only attempt to make good the offer was to prove a verbal agreement relative to the price to be paid for the hydrants (really contradictory of the minutes) and what may be implied in the following question put to the plaintiff's secretary and his answer : " What else is there that is not on the minutes ? A. The contract for the water service." The only other witness for the plaintiff who was present at the meeting testified that, so far as his knowledge went, nothing was discussed but the question of the hydrants and where they were to be located. We refer to these details for the purpose of showing, not merely that the plaintiff opened the door to the admission of parol evidence of the unrecorded action of the borough council relative to the water supply, but that without such evidence it could not have proceeded a step in the case. It was incumbent on the plaintiff to prove the assent of the borough council to the contract executed by the burgess ; for without that the borough would not be bound although the paper was executed with all due formality. But the plaintiff was unable to show such assent by any ordinance or resolution entered on the minutes or, indeed, by any formal action of the borough council. A body of this kind, ordinarily, must exercise its powers by joint action as a board : School Dist. v. Fuess, 98 Pa. 600; Nason v. Poor Directors, 126 Pa. 445. Loose discussions without any motion or united action are not sufficient : Butler et al. v. School Dist., 149 Pa. 351.

Moreover, even if the assent of the council could be proved by evidence of what was said at the meeting when the contract was signed, the great preponderance of the parol testimony as to what took place was to the effect that the councilmen gave assent—such as it was—to the contract proposed by the plaintiff's officers only upon condition that the company would build a reservoir of sufficient capacity to throw an unbroken stream of water over any building in Waymart and of size and force enough to put out fires, and that before the borough should be bound a test should be made which would be satisfactory to the council. Instead, therefore, of the parol testimony showing that the paper embodied the entire action of the council, it shows the contrary. The burgess had no power to bind the borough beyond the authority given by council. Strike out the parol testimony, and the plaintiff's case fails for want of proof that the council authorized the contract. Admit it, and it proves that the writing does not embody the whole action of the council regarding the matter. If the entire action of the council, as far as it can be gathered from the testimony of the councilmen, had been put in the form of a resolution, and entered on the minutes, no one would contend that the borough would be bound to pay the stipulated rent without proof of compliance, on the part of the plaintiff, with the conditions and agreements upon the faith and in consideration of which their consent was expressly given. The same is true where the plaintiff's case depends upon parol testimony of what the unrecorded action of council was. It cannot rely upon such evidence to prove assent of council and object to that part of it which goes to show that it was given conditionally.

The learned judge submitted the case to the jury upon the theory that, presumptively, the written instrument embodied the agreements of the parties as made at the time, and that the principle that the parol evidence to reform a written instrument must be clear, precise and indubitable was applicable to the case. This was presenting the case in quite as favorable a light as the plaintiff could ask; and even upon that theory we are not to be understood as saying that the evidence was incompetent or was insufficient to sustain a verdict for the defendant. See School Furniture Co. v. Warsaw, 130 Pa. 76, and cases there cited. But as we look at the case the controlling ques-

tion is, not whether a written agreement of a borough, duly executed by the proper officers pursuant to an ordinance or resolution of the council authorizing it, may be reformed or explained by parol evidence of promises made by the other party at the council meeting, but whether the burgess was unconditionally authorized to execute the agreement sued upon, and if not, what was the agreement which the council made or authorized. Looking at the case from this point of view the plaintiff has no reason to complain of the submission of the question to the jury or of any of the rulings specified in the first, third, fourth and eighth assignments. They are all overruled.

By the written contract the plaintiff agreed to furnish a "supply" of water for six fire hydrants, to be used for the purpose, and no other, of extinguishing fires. A primary meaning of the term is, "an amount sufficient for a given use or purpose," and it was evidently used in that sense in this connection. The clause, fairly construed, not only restricted the use of the water, but clearly implied that the supply to these hydrants should be of sufficient force and volume to be reasonably effective for the purpose for which the company agreed to supply it. This seems to us too plain to require discussion or a citation of authorities. The second assignment is overruled.

The instruction complained of in the sixth assignment, read with the context and the answer to the defendant's fourth point was free from error. "It is undoubtedly true, when the agreement is to make and deliver an article to the satisfaction of the person for whom it is made, the latter, acting in good faith, and not from mere caprice, may refuse to accept if, for any reason, it is really not satisfactory to him : Singerly v. Thayer, 108 Pa. 291 ; Seeley v. Welles, 120 Pa. 69. But when the refusal to receive is made before an actual, bona fide inspection of the article or before an opportunity is had to judge of its quality or merits, no such rule could obtain ; for it would be impossible, in such a case, to decide whether the article is satisfactory or not : " School Furniture Co. v. Warsaw, 130 Pa. 76–93. The learned judge submitted the question as to the test and as to the result of the same, and as to the bona fides of the council in declaring it unsatisfactory, in exact accord with the principles enunciated in the cases above cited. If the assent of the council was given upon condition that the borough should not be compelled to pay

the rent until after a test, satisfactory to them, should be made, and if the council acted in good faith, and without delay in expressing their dissatisfaction it was not for the court or jury to say that the borough would be bound if the test was or ought to have been partially satisfactory. The sixth assignment is overruled.

The seventh assignment relates to the admission in evidence of the memorandum entered on the minute book immediately after the regular minutes of the meeting of August 5th. This, it is true, was no part of the minutes, and it was not admissible as such, but only as a written memorandum which was read in the hearing of, and assented to by, the plaintiff's officers before the contract was signed. This was fully and clearly explained to the jury by the court, and there was ample evidence to warrant its submission to them as part of the deliberations which took place in connection with the signing of the contract. This assignment and the fifth, which relates in part to the same subject, are overruled.

We see no error in permitting the cross-examination complained of in the ninth assignment. The witness had testified, in chief, that water was being supplied to the hydrants and that the supply was ample. It was clearly competent upon cross-examination to inquire as to his means of obtaining a correct and certain knowledge that the supply was ample.

The judgment is affirmed.