537 A.2d 391

Melissa Reichley et al., Appellants *v.* North Penn School District et al., Appellees.

Argued December 16, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Frank L. Caiola, Caiola, Caiola* & *Gowen,* for appellants.

*Charles Potash,* with him, *Thomas F. Oeste, Wisler, Pearlstine, Talone, Craig and Garrity,* for appellee, North Penn School District.

*A. Martin Herring,* for appellee, North Penn Education Association.

*Denise A. Kuhn,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE DOYLE, February 19, 1988:

Before us is an appeal from an order of the Court of Common Pleas of Montgomery County, dated February 20, 1987, which determined that this Court has original and exclusive jurisdiction of the within lawsuit and, accordingly, dismissed the suit.[1] The above-captioned Petitioners are parents of students at the North Penn School District (District) and they brought an action in the court of common pleas against the District, the North Penn Education Association (Association) and the Commonwealth requesting certain injunctive and de-

---

[1] The trial court did not direct that the case be transferred to this Court. *See* Section 5103 of the Judicial Code, 42 Pa. C. S. §5103.

claratory relief. The injunctive relief sought was an order compelling striking teachers to return to work. The declaratory relief sought was that Section 1003 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1003 (permitting public employees to strike in certain situations) be held unconstitutional. A few days after Petitioners filed their suit, the District filed an action against the Association that resulted in the grant of an injunction directing the teachers to return to work. In addition, a contract was eventually finalized in January 1987.

Preliminary objections were filed to Petitioners' complaint by both the District and the Association, alleging lack of jurisdiction in the court of common pleas, and a lack of standing on the part of Petitioners. Subsequently, after a request by the Attorney General's Office to be removed from the suit, Petitioners' counsel petitioned the lower court for such relief which was granted. There is, however, some confusion as to whether the Commonwealth was dismissed only for purposes of the injunction action, or for purposes of the declaratory judgment action as well. The Commonwealth, because the order dismissing it was captioned "Declaratory and Injunctive Relief," believed it had been completely dismissed from the case. The trial court, however, indicated in its opinion that the Commonwealth had been dismissed only in the injunction proceeding. It then heard argument on the preliminary objections and determined that the Commonwealth was an indispensable party, and, hence that jurisdiction was properly with this Court, *see* Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1). Despite this conclusion, it did not transfer the case but dismissed it. *See supra* n. 1. Additionally, the lower court went on to decide that Petitioners lacked standing.

We must first determine whether the Commonwealth is an indispensable party inasmuch as such determination is a necessary element to invoking our original jurisdiction under Section 761(a)(1). *Piper Aircraft Corp. v. Insurance Company of North America*, 53 Pa. Commonwealth Ct. 209, 417 A.2d 283 (1980). A party is generally regarded to be indispensable when its rights are so connected with the litigated claims that no relief can be granted without infringing upon those rights. *Id.* Further, Section 7540(a) of the Declaratory Judgments Act, 42 Pa. C. S. §7540(a), mandates that when declaratory relief is sought "all persons shall be made parties who have or claim any interest which would be affected by the declaration. . . ."

Petitioners here seek a declaration that the strike provision in PERA as applied to public school teachers is unconstitutional because it deprives the children of their constitutional right to an education.[2] The trial court reasoned that the Commonwealth is "most knowledgeable" about the statute being challenged and hence, indispensable. It further determined that the Commonwealth was indispensable because, as to the remaining defendants, the complaint alleged no liability on their part and the relief requested would not affect them.

The Commonwealth has submitted a brief to this Court in which it takes the position that it is not an indispensable party. It argues, persuasively in our view, that relief can be granted without it, and that its interest is unclear because it has "just as much of an interest in insuring children's education as it does in permitting public employees to strike." Commonwealth's brief p. 7. It must be noted that no individual Commonwealth agencies, such as the Department of Education or the

---

[2] We express no opinion on the merits of this theory.

Pennsylvania Labor Relations Board, are named. And, we agree that the Commonwealth, in and of itself, has nothing more than a general interest in the litigation, and that a declaration of unconstitutionality would not require any particular action on the part of the Commonwealth. We, thus, conclude that the Commonwealth is not an indispensable party.

Although our resolution of this issue requires us to remand this matter to the common pleas court for the continuation of the declaratory judgment proceedings, because the lower court also held that Petitioners lacked standing, we will, for purposes of judicial economy, review that issue as well.

The trial court concluded that Petitioners lacked standing because they had not shown an actual controversy between themselves and the District, and because the injunction and contract have mooted the controversy between Petitioners and the Association. First, where, as here, there is a question of significant dimension that is capable of repetition yet evading review, the mootness doctrine need not bar the action. *Peters Township School District v. Peters Township Federation of Teachers*, 93 Pa. Commonwealth Ct. 227, 501 A.2d 327 (1985). We believe that this case involves such a situation. Second, in order to be afforded standing, the party must have an interest which is substantial, direct and immediate. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). Certainly these parents have an interest in seeing that the children receive an education including the "perks" attendant to it such as sports, band, and various other extra-curricular activities. This then gives these Petitioners a greater interest than that of the public at large. And, because of this interest in continued education for their children, their position is sufficiently at odds with the Association to create a controversy so as to entitle

Petitioners to standing under the Declaratory Judgments Act.[3]

Accordingly, we conclude that the trial court improperly sustained the preliminary objections. This case is, therefore, remanded for further proceedings.

ORDER

Now, February 19, 1988, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[3] *Upper Bucks County Vocational-Technical School Education Association v. Upper Bucks County Vocational-Technical School Joint Committee,* 504 Pa. 418, 474 A.2d 1120 (1984) upon which the trial court relied in concluding that the Petitioners lacked standing is distinguishable. There the Court concluded that taxpayers could not challenge a decision to shorten the school year which decision was due to a strike because the taxpayers had not alleged that the resultant loss of state subsidies would affect them as taxpayers. Further, teachers were denied standing because the 180 school day requirement was perceived as being for the protection of the students, not the teachers. Here it is the *parents of the students* who bring the action.