559 A.2d 602

**Reizdan B. MOORE, et al., Appellants,**

v.

**Stephen R. REED, et al., Appellees.**

**Stephen R. REED, et al., Appellants,**

v.

**Reizdan B. MOORE, et al., Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1989.

Decided May 31, 1989.

Reargument Denied Aug. 3, 1989.

284

Andre' L. Dennis, James K. Grasty, and Stradley, Ronon, Stevens & Young, Philadelphia, for Reizdan B. Moore, et al.

Judith Brown Schimmel, City Sol., Bradley C. Bechtel, Deputy City Sol., Jill A. Devine, Harrisburg, for Stephen R. Reed, et al.

R. Stephen Shibla, and Rhoads & Sinon, Harrisburg, for other appellees.

Before BARRY and COLINS, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

This is an appeal by the City Council members of the City of Harrisburg (City Council) from an order of the Court of Common Pleas of Dauphin County which granted judgment on the pleadings in favor of Stephen R. Reed et al., the Mayor of Harrisburg (Mayor). The Mayor has cross-appealed that part of the trial court's order which denied a surcharge for attorney's fees on the individual City Council members who brought the lawsuit. In addition, the Mayor has filed a motion to dismiss this case for mootness. We deny the Mayor's motion to dismiss for mootness. We reverse that part of the trial court's order granting judgment on the pleadings, and we affirm that part of the trial court's order denying the surcharge on individual City Council members.

This action was commenced by City Council as an action for declaratory judgment and injunctive relief against the Mayor, Director of Parks & Recreation, Controller, the Harrisburg Senators Baseball Club, Eastern League Professional Baseball Clubs, Penn Sport Service, Pioneer Valley Sports and Jerome Mileur, alleging that the Mayor had no power to issue a permit to a baseball club for the use of Riverside Stadium, a City-owned stadium. City Council

sought a declaration that the "Park Permit" which was entered into between the Mayor and the baseball club was really a "contract," and that the Mayor had no authority to negotiate contracts imposing financial burdens and obligations on the City of Harrisburg without the authority or approval of City Council. The Mayor filed an answer and cross-claim, and subsequently filed a motion for judgment on the pleadings, seeking to surcharge the individual members of City Council for the costs of the litigation.

The trial court granted the motion for judgment on the pleadings, holding that the Mayor *is* vested with the power and authority to sign contracts and has the authority to negotiate, enter into negotiations, modify, and cancel contracts on behalf of the municipality. City Council appeals from this order. The trial court refused to surcharge the individual City Council members for funds expended in this litigation. From this, the Mayor has filed a cross-appeal. The appeals have been consolidated.

■ The Mayor has also filed a motion to dismiss for mootness. The Mayor contends that an "Amended Agreement" has been agreed upon and therefore, this action is moot. However, since the central issue relating to who has the authority to contract has not been affected by the Amended Agreement, it continues to be a subject of dispute between the parties. Since the issue will continue to be the subject of dispute in future negotiations, and is capable of repetition yet evading review, we deny the Mayor's motion to dismiss for mootness. *Reichley v. North Penn School District,* 113 Pa. Commonwealth Ct. 528, 537 A.2d 391 (1988).

Harrisburg is a Third Class City under the Third Class City Code.[1] It adopted Plan A of the Optional Third Class City Charter Law (Law).[2] Under this plan, section 407 of the Law, 53 P.S. § 41407, states, "[T]he legislative power of the city shall be exercised by the city council, except as may

1. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§ 35101–39951.
2. Act of July 15, 1957, P.L. 901, 53 P.S. §§ 41101–41625.

be otherwise provided by general law." Section 411 of the Law, 53 P.S. § 41411 provides, "The executive power of the city shall be exercised by the mayor," and section 413(c) of the Law, 53 P.S. § 41413(c), provides that "[a]ll bonds, notes, contracts and written obligations of the city shall be executed on its behalf by the mayor and the controller."

A fair reading of the Plan A, Third Class City Code, provides for a separation of power between the legislature and executive functions. This is inherent in our form of government and one branch cannot usurp the functions of the other, unless otherwise expressly provided. *Bailey v. Waters*, 308 Pa. 309, 162 A. 819 (1932). The issue, therefore, is whether the act of the Mayor was an administrative act or legislative act.

The authority to negotiate a valid and binding contract for a municipality is vested in the City Council. It is a legislative function. Without the assent of City Council, the municipality is not bound. *Wymart Water Co. v. Wymart*, 4 Pa. Superior Ct. 211 (1897).

Here, while the document may have been described as a "Park Permit," in actuality it was a contract. It was more than a mere license to do some act. A reading of it shows a series of rights and obligations on the part of the parties which is the essence of a contract. There is nothing to indicate that it was intended in the ordinance that this function of negotiating a contract was delegated to the Mayor. In *Symon v. Tomljanovic*, 71 Pa. Commonwealth Ct. 205, 454 A.2d 234 (1983), we held that the term "execute" means to discharge the ministerial duties relating to contracts and does not embrace negotiations.

As for the Mayor's contention that the individual members of City Council should be surcharged for the cost of this litigation, we agree with the trial court that since City Council initiated this declaratory judgment action believing that its legislative right to participate in negotiating contracts on behalf of the City of Harrisburg was adversely

affected by the Mayor's action, the surcharge was not appropriate.

Accordingly, we reverse that part of the trial court's order which granted the Mayor's motion for judgment on the pleadings, and affirm that part of the trial court's order which held that a surcharge cannot be charged to the individual members of City Council.

## ORDER

NOW, May 31, 1989, that part of the order of the Court of Common Pleas of Dauphin County, No. 4972 S 1987, which granted judgment on the pleadings is reversed, and this matter is remanded to the trial court to enter an order consistent with this opinion. That part of the trial court's order which held that the individual members of City Council should not be surcharged for funds expended in this litigation is affirmed. The motion to dismiss for mootness is denied.

Jurisdiction relinquished.