# Delaware & Hudson Company *v.* Olyphant Borough, Appellant.

*Equity—Injunction—Preliminary injunction—Appeal.*

1. On an appeal from a decree awarding or refusing a preliminary injunction, the appellate court does not consider the merits of the case, except to determine whether there was reasonable ground for the action of the court.

*Equity—Injunction—Mines and mining—Surface rights—Plot of streets.*

2. Where an owner of coal leases the same with a right of way over the surface for mining purposes, and thereafter lays out a plan of lots with streets which are subsequently adopted by a borough as public streets, the borough has no right under the ordinance adopting the streets, to interfere with the owner of the coal in its enjoyment of the right of way, and if it attempts to do so it will be restrained by an injunction.

Argued Feb. 23, 1909. Appeal, No. 368, Jan. T., 1908, by defendant, from decree of C. P. Lackawanna Co., Sept. T., 1908, No. 32, awarding a preliminary injunction in case of Delaware & Hudson Company v. Olyphant Borough. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

NEWCOMB, J., found the material facts to be as follows:

7. It is not disputed that the plaintiff and its immediate predecessor in title have since 1858 held, and been engaged in mining, the coal under the Pierce warranty tract in the township of Blakely—now the borough of Olyphant—together with surface rights exercised in connection with the mining operations; that these rights were acquired by grant from William Hull, the former owner; that in 1858 he demised the coal to Abel Barker and others to be held until "all veins of suitable character" were mined out; that by its terms the lease was made subordinate to a contract which the lessees then had to furnish the coal to the plaintiff company; and that the right of the lessees to assign the lease to the plaintiff was therein

expressly mentioned. The leasehold rights were so assigned in 1864. Both papers were duly recorded in Luzerne county. As between the parties to it the lease is still operative. The grant from Hull includes the "right of way across said tract for every description of necessary road and also the use and enjoyment in the fullest manner of such portion of the surface of said tract as may be required for the erection of all necessary shops, barns, offices, engine houses, etc., and for the deposit of props, culm or other material accumulated in their business," etc. The area of the tract is not shown, but it is believed to be about 400 acres.

8. Some years after the demise to Barker and others Hull plotted a portion of the surface into village lots with streets and ways. Two of these were Short and Thirteenth, also called respectively Second and Third streets. What, if anything, was ever done by him to open or define the streets on the ground does not appear. There is evidence that some work, indefinite in character, was done some years ago on a portion of Thirteenth street by a street commissioner of the borough. The neighborhood is only sparsely built up and at the point in question nothing appears to have ever been done to lay out or improve the streets. Indeed such travel as there is in that direction leaves the course of Thirteenth street before reaching that point and takes its way across the open fields, apparently because that is the line of least resistance.

9. The trestle in question was projected by the plaintiff's engineers upwards of a year ago, in connection with a new opening deemed necessary to get out a portion of the coal. It is designed to cross Thirteenth street, as plotted, diagonally at an elevation of about fifteen feet in order to carry cars conveying the rock and other waste from the new opening to the dumping grounds on another portion of the tract. The work of construction was stopped in August by the borough officials acting by authority of the council. The workmen were arrested and prevented from going on with the work by being threatened with further arrest, the borough claiming the structure was a nuisance. This claim is based on the effect of a borough ordinance of April 7, this year. The ordinance is as

follows: "Sec. 1. That Second street, between Valley avenue and Agnes avenue, in the First ward of the borough of Olyphant, and Third street, between Valley avenue and Avenue E, in the First ward of the borough of Olyphant, be and they are hereby adopted as public streets of the borough of Olyphant." ·

No other corporate action in the premises has ever been taken by the borough.

*Error assigned* was decree awarding preliminary injunction.

*A. A. Vosburg* and *P. L. Walsh,* with them *I. H. Burns,* for appellant.

*James H. Torrey,* of *Welles & Torrey,* for appellee.

PER CURIAM, April 12, 1909:

The appeal is from a decree awarding a preliminary injunction restraining the defendant from interfering with the plaintiff in the exercise of a right acquired by grant from the owner of the fee, to use the surface in mining and removing coal. As pointedly stated by the learned judge who heard the case: "The right which it asserts here is the right to the use and enjoyment of certain of its land and tenements in accordance with the terms and purposes of the grant under which they are held. The injury which it seeks to prevent is the taking of some part of the property for public use without due process of law and just compensation." On an appeal from a decree awarding or refusing a preliminary injunction we do not consider the merits of the case except to determine whether there was reasonable ground for the action of the court. The only claim of right by the defendant that is open for consideration at this time is that by ordinance it has adopted certain streets plotted by the owner of the fee after his grant of surface rights. This ordinance gave it no right as against the plaintiff.

The decree is affirmed at the cost of the appellant.