# Reichard's License.

*Appeals—No actual controversy—Liquor law—Transfer of license.*

1. If pending an appeal an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed.

2. An appeal from an order transferring a liquor license will be dismissed if it comes on to be heard after the license has expired.

Argued Dec. 6, 1910. Appeal, No. 283, Oct. T., 1909, by D. G. Yuengling & Son, from order of Q. S. Schuylkill Co., transferring liquor license in petition of C. Edward Reichard. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for transfer of liquor license.

The opinion of the Superior Court states the case.

*Error assigned* was order transferring the license.

\ *E. D. Smith*, for appellants.

No appearance nor printed brief for appellee.

OPINION BY RICE, P. J., March 3, 1911:

This is an appeal from an order of the quarter sessions transferring the retail liquor license of Charles E. Herbert to C. Edward Reichard. The appellants are D. G. Yuengling and Son, who filed a remonstrance to the transfer. They claimed to have leased the premises from the owner and sublet them to Herbert. The order was made on November 3, 1909, and on December 13, 1909, after hearing arguments of counsel the court refused a rehearing. This appeal was taken ten days later and came on to be heard at the regular time for hearing appeals from Schuylkill county in December, 1910. Even if the appeal had been advanced and heard at the first sitting of the court after it was taken it could not have been heard before the expiration of the license, which was in February last. It is apparent from the foregoing statement that no actual controversy which could be effectually disposed of in this proceeding was pending at the time the appeal was heard or could have been heard. The case, therefore, comes within the general rule, that if pending an appeal an event occurs which renders it impossible for the appellate court to grant any relief the appeal will be dismissed. This question of practice is more fully considered in the opinion herewith filed in Commonwealth ex rel. McCarty v. Cairns, post, p. 000. See also Cheong Ah Moy v. United States, 113 U. S. 216. It is argued that the general rule ought not to be applied here because the order, unless reversed, would deprive the appellants of the remedies provided by the lease, particularly as to their personal property. We have given due consideration to this suggestion, but are unable to conclude that the order is such an adjudication as can in any way debar them of any rights or remedies for the recovery of the possession of the leased premises or their personal property.

The appeal is dismissed without costs to either party.