## Commonwealth ex rel., Appellant, *v.* Cairns.

*Appeals—Habeas corpus—Actual controversy—Appellate jurisdiction.*

An appeal from an order dismissing a writ of habeas corpus and continuing the relator in custody, taken several months after the relator had been actually released, involves no question growing out of the existence of an actual controversy, and will be dismissed by the appellate court.

Argued Dec. 15, 1910.   Appeal, No. 265, Oct. T., 1910, by plaintiff, from order of Q. S. Phila. Co., dismissing writ of habeas corpus in case of Commonwealth of Pennsylvania ex rel. William O. McCarty, through his next friend, Charles J. Field, v. A. A. Cairns, M. D., Chief Medical Inspector of the Bureau of Health of the City of Philadelphia, and John B. Taylor, Superintendent of the Bureau of Police.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Petition for writ of habeas corpus.

The opinion of the Superior Court states the case.

The defendant moved the court to dismiss the appeal on the ground that a mere academic question was involved.

*Error assigned* was in dismissing the writ of habeas corpus.

*C. Oscar Beasley,* for appellant.

*Andrew Wright Crawford,* assistant city solicitor, with him *James Alcorn,* city solicitor, for appellees.

OPINION BY RICE, P. J., March 3, 1911:

It appears by the return to the writ of habeas corpus that owing to smallpox having developed on a person in a certain district of the city of Philadelphia, a quarantine was placed on the district by the board of health, and that as soon as the relator was willing to be vaccinated he would be released from quarantine, but that otherwise he would be detained in quarantine, that is, would not be permitted to leave the quarantined district until eighteen days from the time when the individual suffering from smallpox was removed to the municipal hospital for contagious diseases, when the relator would be released unless he developed or showed evidence of smallpox at that time.   After hearing, the judge before

whom the habeas corpus was pending dismissed the writ and continued the relator in the custody of the respondent. This order was made on May 20, 1910, and it is undisputed that on May 25, 1910, the period of quarantine above referred to expired and the relator was released therefrom. This appeal was not taken until more than five months later. And we are asked by the appellees to dismiss or quash it for the reason that at the time it was taken the question sought to be raised had become a mere abstraction. While we have appellate jurisdiction in habeas corpus cases (Com. v. Butler, 19 Pa. Superior Ct. 626) we are of opinion that the motion should prevail. The general rule, that the existence of an actual controversy is an essential to appellate jurisdiction, has been applied to a variety of conditions, as will be seen by an examination of the cases cited in 2 Cyclopædia of Law & Procedure, 533, 534, 535, and in the opinion in Mills v. Green, 159 U. S. 651. Amongst these are cases where pending the appeal the controversy was ended by act of law or lapse of time. In the last-cited case Mr. Justice GRAY said: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." The general rule was recognized in Hallowell's Appeal, 20 Pa. 215. The orphans' court had dismissed a citation for the removal of an executor. Subsequently he was discharged on his own petition, and still later the petitioner appealed from the dismissal of his petition. Mr. Justice BLACK, speaking for the court,

said: "The discharge of the appellee put an end to the controversy. Even if we could believe what we cannot, that the court was wrong in refusing to remove him on the adversary proceeding, we could not reverse that decree without involving ourselves in a manifest absurdity. It would be necessary to enter here the decree which ought to have been made below. And how could we dismiss an executor who is already discharged?" It requires but slight change of phraseology to apply the principle here. If we were to reverse the order appealed from and enter such order as the appellant claims ought to have been entered in the court below, we would involve ourselves in the manifest absurdity of discharging him from the restraint of the quarantine that had been removed long before his appeal was taken. Nothing can be plainer than that, if we were to decide the question of the validity of the quarantine regulation in his favor, we could make no order that would place him in any better position, so far as his substantial rights are concerned, than he was in at the time he took his appeal. It is therefore a mere moot question.

The appeal is dismissed without costs to either party.