# Commonwealth ex rel., Appellant, *v.* Cairns.

*Appeals—Actual controversy—Habeas corpus—Smallpox quarantine.*
   The rule that the existence of an actual controversy is an essential to an appellate jurisdiction, is applicable to a case where the lower court has refused a writ of habeas corpus to relieve persons restrained of their liberty by smallpox quarantine, and such persons have been released before an appeal from the order refusing the writ, has been heard.

   Argued Oct. 2, 1911.  Appeal, No. 18, Oct. T., 1911, by plaintiffs, from order of Q. S. Phila. Co., Jan. T., 1911, refusing writ of habeas corpus in case of Commonwealth ex rel. Henrietta F. Ogden et al. v. A. A. Cairns, Chief Medical Inspector of the Bureau of Health, and John B. Taylor, Superintendent of Police.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

   Petition for writ of habeas corpus.  Before STAPLES, P. J., specially presiding.
   The opinion of the Superior Court states the case.

   *Error assigned* was order refusing the writ.

   *C. Oscar Beasley,* for appellants.

   *Andrew Wright Crawford,* assistant city solicitor, with him *James Alcorn,* city solicitor, and *John H. Fow,* for appellee.

   PER CURIAM, November 20, 1911:
   This case differs from Com. ex rel. v. Cairns, 46 Pa. Superior Ct. 96, in that in this case the court, after hearing, refused to issue the writ of habeas corpus, and the appeal from that order was taken before the period of quarantine had expired.  But it is undisputed that before

the return day of the appeal, and long before the appeal could be brought on for argument, the quarantine had been removed and the relators were no longer restrained of their liberty. If we were to decide the question of the validity of the quarantine regulation in their favor, we could make no order that would place them in any better position so far as their substantial rights are concerned. There is, therefore, no such material distinction between the two cases as would take this case out of the general principle applied in the case cited, namely, that the existence of an actual controversy is an essential to appellate jurisdiction. And this general rule includes cases where, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief: Reichard's License, 45 Pa. Superior Ct. 606. This principle was recognized by our Supreme Court in the reported case of Hallowell's Appeal, 20 Pa. 215, as well as in other unreported cases, and is sustained by the great weight of authority: Cheong Ah Moy v. United States, 113 U. S. 216 (a habeas corpus case); Mills v. Green, 159 U. S. 651; Jones v. Montague, 194 U. S. 147; Richardson v. McChesney, 218 U. S. 487; Buck's Stove & Range Co. v. American Federation of Labor, 219 U. S. 581; see also 2 Cyc. L. & Proc., 533–535. Even in the cases of United States v. Trans-Missouri Freight Assn., 166 U. S. 290, and Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U. S. 498, which might seem upon a superficial view to be departures from the rule, the principle is distinctly recognized as applicable to controversies affecting private rights merely.

The appeal is dismissed without costs to either party.