# Cannon *v.* Wickham, Appellant.

*Injunctions — Preliminary injunctions — Appeals — Reasonable grounds.*

1. On an appeal from the granting of a preliminary injunction, the Supreme Court will not consider the merits further than to determine where there is reasonable grounds for the action of the court.

*Equity—Jurisdiction—Title to land—Res adjudicata.*

2. Equity will not refuse to take jurisdiction of a bill to restrain a defendant from entering upon plaintiff's land or interfering with the use and enjoyment thereof, on the ground that title to land is involved, where it is alleged and proved that the title and right of possession had been determined to be in the plaintiff by adjudications that were final and conclusive.

*Practice, Supreme Court—Appeals—Assignments of error—Admission of testimony—Defective assignment.*

3. An assignment of error complaining of the admission of testimony will not be considered, where the testimony is not set out therein.

Argued May 6, 1913. Appeal, No. 161, Jan. T., 1913, by defendants, from decree of C. P. Luzerne Co., March T., 1913, No. 10, in Equity, awarding preliminary injunction in case of Celestine T. Cannon and Joseph H. Wagner v. Charles L. Wickham and Hiram L. Hess. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed

Bill in equity for injunction. Before FULLER, P. J.
The opinion of the Supreme Court states the case.
On motion for preliminary injunction, the court, after hearing evidence in support of the bill, awarded the injunction. Defendants appealed.

*Errors assigned* were in admitting certain evidence, and the decree of the court.

*A. Ricketts,* for appellants.

*Granville J. Clark,* for appellees.

PER CURIAM, June 27, 1913:
This appeal is from an order awarding a preliminary injunction restraining the defendants from entering upon land of the plaintiffs or interfering with them in their use and enjoyment thereof. The errors assigned are to the admission of testimony and to the refusal of the court to dismiss the bill for want of jurisdiction in equity or to certify it to the law side of the court. The first will not be considered as the testimony is not set out in the assignments and the second is without merit. The bill was not an ejectment bill since it was alleged that the title of the land and the right of possession had been determined to be in the plaintiff by adjudications

that were final and conclusive. This allegation was sustained by proof at the hearing. On an appeal from the granting or refusal of a preliminary injunction we do not consider the merits further than to determine whether there was reasonable ground for the action of the court: Delaware & Hudson Co. v. Olyphant Borough, 224 Pa. 387.

The appeal is dismissed at the cost of the appellant.