# Commonwealth ex rel. Alexovits et al., Appellants, *v.* Mamatey et al.

*Appeals,· Supreme Court—Academic question—Quo warranto—Officers—Expiration of term.*

Where on appeal from a judgment on a verdict for defendants in a quo warranto proceeding to test defendants' right to hold office in a corporation, it appeared that the terms of defendants as such officers had expired, the judgment of the lower court was affirmed without regard to the merits, the question being merely academic.

Argued Feb. 26, 1917.   Appeal, No. 177, Oct. T., 1916, by plaintiffs, from judgment of C. P. Allegheny Co.,

328   COM. et al., Appellants, v. MAMATEY et al.

April T., 1914, No. 73, on verdict for defendants in case
Commonwealth of Pennsylvania ex rel. Leonard S. Alexo-
vits, John Hornak, Charles Barnes, Stephen F. Cherepy,
Clement Ihrisky, Thomas Hafner, Peter Palko, Joseph
Matejko, Stephen Uhrin, Paul Wodicks, Michael Bato-
vic, Andrew Lenert, George J. Skodol and Ignac Gessay
v. Albert Mamatey, John Kulamer, Joseph Durish,
Michael Belusar, Joseph Hill, Stephen Kucma, George
Hlatky, John Koza, George Stacho, George Hricovsky,
Andrew Kovac, Charles Dubosh, John A. Hrabovsky,
Paul Lovas, John A. Gimesky, Michael Lancik, Joseph
Vasok, L. A. Zavitovsky, Stephen Vanek, John Fedor,
John S. Karabin, George A. Bjel, Ivan Bielek and John
Zajæ.   Before BROWN, C. J., MESTREZAT, STEWART,
MOSCHZISKER and FRAZER, JJ.   Affirmed.

Quo warranto to test the right of defendants to hold
office as directors of a corporation of the first class.   Be-
fore DAVIS, J.

The opinion of the Supreme Court states the case.

The jury found a verdict for the defendants upon
which judgment was entered.   Plaintiffs appealed.

*Error assigned* was in refusing plaintiffs' motion for
judgment n. o. v.

*C. B. Prichard,* of *Prichard & Trent,* for appellants.

*Thos. S. Brown,* of *Brown, Stewart and Bostwick,*
with him *R. A.* and *James Balph,* for appellees.

PER CURIAM, March 23, 1917:

The complaint of the appellants at the time this quo
warranto proceeding was instituted was that the appel-
lees were unlawfully holding offices, and the writ was in-
voked to oust them therefrom.   On January 1, 1917, the
term of the office to which each of them had been elected
expired, and, when this appeal was argued, at a later

date, the question involved was purely academic. The facts are either admitted or undisputed, but we could not enter judgment of ouster, for the reason stated, even if there were merit in appellants' contention.

Judgment affirmed.