# Winston et al. *v.* Ladner et al., Appellants.

*Injunction  bond—Liability — Determination — Preliminary  injunction—Disposition upon the merits.*

1. On an appeal from an order granting a preliminary injunction, the merits of the case will not be examined into except to the extent necessary to determine the propriety of the injunction at that stage of the proceeding.

2. Liability upon an injunction bond is not determined until a determination upon the merits of the case.

*Appeals—Moot questions—Authority of public officers.*

3. The Supreme Court will not decide questions merely for the purpose of establishing the authority of public officers where its judgment cannot be given effect in the case in which the questions are raised.

Argued March 18, 1919.    Appeal, No. 322, Jan. T., 1919, by defendants, from judgment of Superior Court, Oct. T., 1918, No. 291, dismissing appeal from decree of C. P. No. 4, Philadelphia Co., March T., 1918, No. 4993, in equity, granting a preliminary injunction in the case of John C. Winston, Theodore J. Lewis, Arthur H. Lea, Cyrus H. K. Curtis, George Woodward et al., *v.* Albert H. Ladner, Jr., George G. Pierie, William A. Carr, and William Walsh, Board of Registration Commissioners of the City of Philadelphia.    Before STEWART, MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ., Affirmed.

Appeal from the Superior Court.

Bill in equity in the common pleas for injunction restraining  registration  commissioners  from  removing names of persons from the voting list.    Before AUDENRIED, P. J., CARR and FINLETTER, JJ.

The court granted a preliminary injunction restraining further action by the defendants and ordered that the names of persons already taken off the list be restored.

The Superior Court dismissed the appeal in the case. See 71 Pa. Superior Ct. 238.    Defendants appealed.

1919.]    Assignment of Errors—Opinion of the Court.

*Errors assigned* were in dismissing defendants' appeal as a moot question and not sustaining the assignments of error to the action of the lower court.

*Grover C. Ladner,* for appellants.—Where a statutory bond is required upon the issuance of a preliminary injunction an appeal will not be dismissed where the determination of the question involved is necessary to fix liability on the bond: Postal Telegraph Cable Co. v. City of Montgomery, 193 Ala. 239; Thompson v. Lynch (Okla.), 159 N. W. 1119.

Where an appeal is from an order restraining public officials whose powers are called into question, the appeal does not become moot merely because a time limit fixed in the order has expired: Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U. S. 498.

*Thomas Raeburn White,* for appellees.—The questions involved were merely academic: Faust v. Cairns, 242 Pa. 15; Commonwealth v. Mamatey, 257 Pa. 327; Erie Coal & Coke Co. v. Deal, 248 Pa. 58; Anders v. Vare, 235 Pa. 143; Com. v. Cairns, 48 Pa. Superior Ct. 265; Mills v. Green, 159 U. S. 651; Richardson v. McChesney, 218 U. S. 487; Large v. Steer, 121 Pa. 30.

OPINION BY MR. JUSTICE FRAZER, May 5, 1919:

The Board of Registration Commissioners of the City of Philadelphia, after investigation of a number of names on the voters' list of the city, sent to such persons on May 14, 1918, a notice to appear at the office of the board on the morning of May 16th at ten o'clock to show cause why their names should not be removed from the voting list.    At the hearing following such action many names were stricken off because the voter was not a resident at the address given in the list.    In the meantime the bill in this case was filed in the court below to restrain the action of the commissioners, and, after hearing May

18th, a preliminary injunction was granted restraining defendants from striking additional names from the list until May 22d, the day following the primary election, and, further, ordering that the names of persons already taken off be restored.

An appeal to the Superior Court filed May 20, 1918, was dismissed because the injunction expired by limitation May 21, 1918, and, under the provisions of the Act of May 28, 1915, P. L. 576, the lists ceased to be valid at the beginning of the following registration period, September 5, 1918, consequently, the questions involved had become merely academic and required no decision on the merits. On March 5, 1919, on petition of the commissioners, an appeal was allowed to this court.

Appellants concede the general rule established by numerous cases that our courts will not decide moot questions or abstract propositions of law not necessary to the disposition of actually pending controversies: Faust v. Cairns, 242 Pa. 15; Com. v. Cairns, 48 Pa. Superior Ct. 265; Com. v. Mamatey, 257 Pa. 327. They contend, however, this case is not within the rule, first, because a bond was required, previous to the court below issuing the injunction, and the determination of the question involved is necessary to fix liability on the obligation, and, second, the question raised is not merely whether the names of certain persons were illegally stricken from the voting list, but also concerns the power of the registration commissioners, under the law, to strike off names in the manner pursued by the board and is, therefore, a question of public interest proper for decision even though merely academic in character.

The first contention overlooks the fact that a reversal of the court below by the Superior Court would not result in establishing liability on the bond, because the decision, being on a preliminary question, must necessarily refer the case to final hearing and decision of the court below following the remitting of the record from the Superior Court. After hearing on the merits and de-

termination of the legal questions involved, the court below might come to the conclusion the board's action justified issuing an injunction, regardless of the disposition of the appeal from the preliminary order. In such appeals the rule is that the merits of the case will not be examined into except to the extent necessary to determine the propriety of the injunction at that stage of the proceeding: Delaware & Hudson Co. v. Olyphant Boro., 224 Pa. 387; Ross Common Water Co. v. Blue Mountain, etc., Water Co., 228 Pa. 235, 241; North Shore R. R. v. Penna. Co., 231 Pa. 307. In applications of this character liability on the injunction bond must await the final disposition of the proceeding on the merits inasmuch as reasons may appear upon final hearing for granting an injunction though a preliminary restraining order may have been dissolved in the meantime: Large v. Steer, 121 Pa. 30, 33, 34.

With respect to the second point raised by appellants, the court below, in granting the injunction, held the commissioners were without right to strike names of voters from the list at so late a date as to deny them the right to appeal. The public interests were protected by the decree. The only persons now complaining are the commissioners. Questions relating to their powers and duties must come before us in the regular way, it not being part of our duty to act in an advisory capacity toward them with respect to the extent of their authority, except in so far as cases are actually brought before us in a proper manner. It may be pertinent at this time to suggest the registration board may avoid future difficulties of this character by acting promptly on receipt of voting lists, so that ample time may be afforded to revise and correct the lists, if necessary, and give opportunity to parties aggrieved to appeal from its action.

The judgment of the Superior Court is affirmed.