O'Donnell, Appellant, *v.* Pennsylvania Liquor Control Board.

534

Argued December 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Ellwood J. Turner,* with him *William L. Hammond* and *William H. Turner,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *James H. Duff,* Attorney General, and *Martin F. Hatch,* Special Deputy Attorney General, for appellee.

OPINION BY RENO, J., January 18, 1946:

The Liquor Control Board, responding to protests by neighbors, held a hearing upon, and refused, appellant's application for the renewal of his liquor license for the license year 1944. From its decision, he appealed to the court below which affirmed the board. The Liquor Control Act of June 16, 1937, P. L. 1762, §404, 47 PS §744-404, provides that "there shall be no further appeal" from the decision of the court of quarter sessions. Numerous decisions of this and the Supreme Court, some of which are collected in *Kimmell Liquor License*

*Case,* 157 Pa. Superior Ct. 59, 41 A. 2d 436, hold that where an appeal is expressly denied by the pertinent legislation or it is provided that the action of the court below shall be final, our review is limited to an inspection of the record to determine only whether the court below had jurisdiction of the case and the regularity of its proceedings. We have examined the record, and we find no defect in the proceedings. If, notwithstanding the many cases, hereinbefore referred to, any doubts remain as to the jurisdiction of the court below, they should be completely resolved by *O'Donnell v. Pennsylvania Liquor Control Board,* 351 Pa. 129, 40 A. 2d 392, where this appellant's bill in equity praying for an injunction against the board was refused by the Court of Common Pleas of Dauphin County, and its decree was affirmed per curiam by the Supreme Court. Both courts held that the only remedy available to appellant was an appeal "to the court of quarter sessions of the county in which the [his] . . . restaurant . . . is located".

After the board formally refused to renew the license for 1944, it and appellant stipulated that a temporary and conditional license be issued for that year, and this agreement was renewed for the year 1945. Under this arrangement the restaurant was operated during 1944 and 1945. On June 19, 1945, the electors of the Borough of Yeadon, in which appellant's restaurant is located, voted against the granting therein of any liquor licenses, and this fact appears in the agreed statement of facts submitted to this court under our Rule 56. Appellant's latest temporary and conditional license expired on October 31, 1945, prior to the argument of his case in this court, and he does not now hold a liquor license. Even if we were to decide the case in his favor, the board would, by the provisions of the Liquor Control Act, supra, §502, 47 PS §744-502, be restrained from issuing a license in the Borough of Yeadon.

So, even if upon this appeal we were allowed to consider more than the question of jurisdiction and the

regularity of the proceedings, the case has become moot by reason of the action of the electors of the municipality. We cannot decide moot or abstract questions. *Faust v. Cairns,* 242 Pa. 15, 88 A. 786. We cannot enter judgments or decrees to which effect cannot be given. *Winston v. Ladner,* 264 Pa. 548, 108 A. 22; *Com. ex rel. v. Lawler,* 343 Pa. 353, 22 A. 2d 900. The rule is that where, as here, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed. *Com. ex rel. v. Cairns,* 48 Pa. Superior Ct. 265; *Reichard's License,* 45 Pa. Superior Ct. 606; *Mills v. Green,* 159 U. S. 651, 16 S. Ct. 132.

Appeal dismissed.