Sacred Heart Hospital of Allentown et al.,
Appellants, *v.* Lanshe.

Argued May 4, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERT, POMEROY and BARBIERI, JJ.

*Raymond J. Bradley,* with him *Leonard J. Bucki,
H. P. McFadden, William D. Valente,* and *Wolf, Block,
Schorr & Solis-Cohen,* for appellants.

*K. Robert Conrad, William S. Hudders* and *Boyd
H. Walker,* with them *A. H. Wilcox, Pepper, Hamilton & Scheetz,* and *Butz, Hudders & Tallman,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:

In this appeal we must decide whether it was error to dismiss without a hearing a petition claiming certain provisions of a consent decree had been violated. We hold that in the circumstances of this case, a hearing on the issues raised by the petition for supplemental relief is necessary.

A brief review of the factual background follows. The City of Allentown has three hospitals: Allentown General, Allentown Osteopathic, and Sacred Heart, a Catholic, church-related hospital. Some time ago it became evident that all three institutions were in need of extensive improvements. A joint campaign was agreed upon to raise the necessary funds, and the hospitals organized a non-profit corporation, Allentown Ahead Fund, Inc., primarily for this purpose. Over $6,800,000 has been raised in cash and pledges for the contemplated renovations. However, a dispute eventually developed as to the degree to which the hospitals would participate in establishing a joint facility.

On September 15, 1969, Sacred Heart Hospital by a member of its Board of Managers, as well as two members of the hospital's professional staff and a member of the community filed a complaint in equity against other members of Sacred Heart's Board of Managers, Ahead Fund, Inc., Allentown Osteopathic, and the Allentown Hospital Association seeking to prevent certain amendments to Sacred Heart's charter and

articles of incorporation. The proposed amendments would have authorized a joint facility that allegedly would have reduced Sacred Heart's status as a general services hospital and school of nursing and destroyed the character and integrity of Sacred Heart as an independent, church-related institution. The complaint also sought, inter alia, to restrain Ahead Fund from disbursing funds held for Sacred Heart, and to prevent any encumbering of Sacred Heart's assets or transfering of any of its services to the proposed joint facility.

The answer denied the allegations in the complaint and attacked what appellees have characterized as the "remarkable" legal position that the power conferred by the Pennsylvania Non-Profit Corporation Law[1] to amend a charter is suspended whenever the power comes into conflict with the hospital's Catholic character.

The litigation was terminated by a settlement agreement executed on March 3, 1970, and approved by the court on March 4, 1970, ". . . with the same force and effect as though fully and completely set forth in this order."

On January 16, 1971, the same appellants and the Most Reverend Joseph McShea, Bishop of the Roman Catholic Diocese of Allentown,[2] filed a "Petition for Supplemental Relief and Enforcement of 'Final Decree' Entered March 4, 1970", naming certain members of Sacred Heart's Board of Managers and Ahead Fund as defendants. The petition averred the Board had breached its fiduciary duty and violated the March 3,

---

[1] Act of May 5, 1933, P. L. 289, as amended, 15 P.S. §§7001 et seq.

[2] Although Bishop McShea was not included in the caption of the petition, the trial court stated in its opinion of January 22, 1971, that his Excellency was an "additional plaintiff". No objection has been made to Bishop McShea's participation in this litigation.

1970 agreement by taking steps to implement construction of a joint hospital facility without the approval of Bishop McShea and before a consultant retained to analyze the financial feasibility of the project had completed his study. The petition sought to enjoin the Board and representatives of the Joint Planning Committee from entering into any joint venture agreement with the Allentown Hospital Association, encumbering Sacred Heart's assets for the advancement of the joint facility, transferring any of the hospital's services or staff, and taking any action inconsistent with the operation of Sacred Heart as a church-related institution. The petition also requested an accounting from defendants as well as their removal from the Board of Managers.

The answer by defendants admitted most of the factual allegations of the petition but denied the conclusion of unlawfulness or impropriety.

When the matter came before the court on January 22, 1971, defendants orally moved to dismiss the petition. The motion was granted, and the present appeal ensued.

Preliminarily we are confronted with a motion to dismiss for mootness filed by appellees on April 12, 1971. It is argued that the primary reason for appellants' petition for supplemental relief is that appellees approved certain expenditures for the joint hospital project prior to the receipt of the consultant's report. The completed report is attached to the motion, and the report concludes the joint facility is financially feasible. The motion also avers that on March 12, 1971, the Boards of Sacred Heart and Allentown Hospital Association approved a joint venture agreement, and articles of incorporation and bylaws of a new nonprofit corporation established to implement the joint hospital venture with full recognition of the obligations of the parties under the March 3, 1970, settlement agreement.

Appellants by their answer dispute the mootness of the appeal, contending the issue is whether their petition should have been dismissed without a hearing. They also assert that the consultant's report did not necessarily determine the propriety of the Board's expenditures in light of the settlement agreement.

In our view the appeal is not moot. It is true that, as the Superior Court has noted: "We cannot decide moot or abstract questions. Faust v. Cairns, 242 Pa. 15, 88 A. 786. We cannot enter judgments or decrees to which effect cannot be given. Winston v. Ladner, 264 Pa. 548, 108 A. 22; Com. ex rel. v. Lawler, 343 Pa. 353, 22 A. 2d 900. The rule is that where, as here, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed. Com. ex rel. v. Cairns, 48 Pa. Superior Ct. 265; Reichard's License, 45 Pa. Superior Ct. 606; Mills v. Green, 159 U.S. 651, 16 S. Ct. 132." *O'Donnell v. Pennsylvania Liquor Control Board*, 158 Pa. Superior Ct. 533, 536, 45 A. 2d 369, 370 (1946). However, as will appear more fully, we believe the petition for supplemental relief still raises at least one issue requiring a hearing, despite the subsequent submission of the consultant's report.

Before discussing the reason necessitating a hearing, the provisions of the March 3, 1970 settlement must be summarized.

The parties entered into the agreement because of their desire to resolve the issue amicably and without further litigation. They agreed that the charter of Sacred Heart was to be amended to provide that Sacred Heart is a church-related institution of the Allentown Roman Catholic Diocese organized to render medical treatment ". . . in accordance with the Ethical and Religious Directives for Catholic Hospitals as promulgated, from time to time, by the Catholic Hospital As-

sociation." The charter was also amended so that the Board of Managers of Sacred Heart might transfer, eliminate, or combine services ". . . without loss of accreditation as a general hospital under the standards of the American Hospital Association, and consistent with . . . [the above quoted provision and Sacred Heart's integrity as a church-related institution.]"

The parties further agreed that Ahead Fund would, after payment of expenses, disburse 13% of its funds to Osteopathic Hospital, with the balance of the funds to be used for the purposes of constructing a joint facility, except those funds specifically designated as a gift to either Allentown General or Sacred Heart. These latter funds were to be paid directly to the intended hospitals and to be used for refurbishing their respective existing facilities.

In addition, the agreement provided: "III. Sacred Heart shall remain a Church-related institution and shall be operated in accordance with the Ethical and Religious Directives for Catholic Hospitals as promulgated, from time to time, by the Catholic Hospital Association. Allentown General shall remain a non-sectarian institution and shall adopt such guidelines as it shall deem necessary for its operation. It is mutually agreed that Sacred Heart shall not impose the guidelines pursuant to which it is operated on facilities of Allentown General and Allentown General shall not impose its guidelines on facilities of Sacred Heart. *It is further mutually agreed that any joint facility operated by Sacred Heart and Allentown General shall be operated in such a way as to respect the guidelines adopted by the respective hospitals."* (Emphasis added.)

Finally it was agreed that the plan for a joint facility must be financially feasible. An independent consultant was to study the project and make recommendations as to how such joint facility could be constructed within available and prospective funds.

The trial court dismissed the petition for supplemental relief because of its belief that the steps taken prior to the submission of the consultant's report were only "preliminary", and also because, in the court's view, appellants' position was simply that Bishop McShea had the authority to control Sacred Heart. Nothing in the petition, according to the court, indicated that Sacred Heart would lose its Catholic identification. Ruling that it was for the Board of Managers and not Bishop McShea to determine what the policies of Sacred Heart should be, the court concluded with a plea to all parties to cease litigation and proceed ". . . with the job of obtaining an adequate joint hospital facility for the people of Lehigh Valley."

The trial court characterized appellees' answer to the petition as being, in effect, a demurrer. The posture of our review is well-settled. "In an appeal from the sustaining of preliminary objections by a defendant in the nature of a demurrer, every well pleaded material fact set forth in the complaint and every inference reasonably deducible therefrom is admitted for purposes of appeal. Schott v. Westinghouse Electric Corp., 436 Pa. 279, 259 A. 2d 443 (1969); Di Belardino v. Lemmon Pharmacal Co., 416 Pa. 580, 208 A. 2d 283 (1965); Weber v. Bell Tel. Co. of Pa., 415 Pa. 292, 203 A. 2d 554 (1964)." *Mellon Square Garage, Inc. v. Public Parking Authority of Pittsburgh*, 442 Pa. 229, 231, 275 A. 2d 654, 655 (1971).

Also, in approaching the issue, it is well to keep in mind that it is not for our Court to pass on the workability or wisdom of the March 3, 1970, settlement agreement. "A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties—a contract binding the parties thereto to the terms thereof. . . . As a contract, the court, in the absence of fraud,

accident or mistake, had neither the power nor the authority to modify or vary the terms set forth." *Universal Builders Supply, Inc. v. Shaler Highlands Corporation,* 405 Pa. 259, 265, 175 A. 2d 58, 61 (1961) (citation omitted); accord, *Jones Memorial Baptist Church v. Brackeen,* 416 Pa. 599, 207 A. 2d 861 (1965).

Appellants' petition for supplemental relief alleges, inter alia, that a contemplated joint venture agreement between Sacred Heart and Allentown Hospital Association provides for the operation of the proposed joint facility in a manner contrary to the provisions of the settlement agreement and jeopardizes both Sacred Heart's identity as a church-related institution, and accreditation as a general hospital.

While we express no opinion on the merits of the petition, we believe sufficient allegations have been made to necessitate a hearing on whether the settlement decree has, in fact, been violated. Although the issue of the propriety of the Board's actions without the benefit of the consultant's report has been resolved by the submission of the report, the issue of the validity of the joint venture agreement and whether it violates the provision of the settlement agreement that the joint facility ". . . be operated in such a way as to respect the guidelines adopted by the respective hospitals" remains.

As noted above, appellees contend that because the joint venture agreement was signed by the Sacred Heart Board on March 12, 1971, its possible conflict with the March 3, 1970 agreement is now moot. We disagree. Appellants, by filing their petition prior to the execution of the new agreement have preserved the issue. Appellees properly observe that appellants erred in not attaching the joint venture agreement to their complaint. However, appellees attached the final agreement to their petition for dismissal as moot. We be-

lieve the record is insufficient at this juncture to resolve the question, and an evidentiary hearing is necessary.

Accordingly, the decree of the Court of Common Pleas of Lehigh County is vacated and the record remanded for an evidentiary hearing. Each party to pay own costs.

Mr. Justice JONES took no part in the consideration or decision of this case.