## Water and Power Resources Board v. Pawk

248

*Eric R. Pearson*, for plaintiff.

*Leo M. Stepanian*, for defendant.

DILLON, *J.*, October 30, 1974—This suit was initiated on October 29, 1970, by complaint of the Commonwealth of Pennsylvania Water and Power Resources Board, Department of Forests and Waters (hereinafter called Commonwealth), entitled "Request for Injunctive Relief" against Michael Pawk (hereinafter called Pawk) in the Court of Common Pleas of Butler County, Pa., sitting in equity. This complaint requested that the court order and direct Pawk to repair the culvert installed by him in West Butler Creek, in Butler Township, and to remove the fill allegedly placed in or near the culvert. Pawk, without hearing and adjudication, entered into a court consent order November 6, 1970, which directed him to and where he agreed to submit plans and data to the Commonwealth for repairs and rehabilitation of the culvert. The Department of Environmental Resources (hereinafter called department) succeeded the Water and Power Resources Board by the Act of December 3, 1970, P.L. 834 (No. 275), sec. 20, 71 P.S. §510-1. The department has alleged violation by Pawk of various conditions contained in the permits granted by

the department in response to Pawk's attempt to comply with the order. On February 25, 1974, the department ordered defendant to remove the culvert, excavate the entire stream adjacent to the Pawk property and grade and vegetate all slopes. The order was issued pursuant to the Act of June 25, 1913, P.L. 555, sec. 5, 32 P.S. §685, and conditions in the permit. Pawk appealed the order to the department hearing board. He has the right, under the Act of July 31, 1970, P.L. 673 (No. 223), sec. 403, as amended, 17 P.S. §211.403, to appeal the decision of that board to the Commonwealth Court. Pawk has filed a petition here alleging that the jurisdiction of this court was continuing, that the department lacked the power and authority to issue the order and requesting that this court enjoin the Commonwealth from proceeding under its order. The department filed preliminary objections in the nature of a motion to dismiss, saying, among other things, that this court is without power, authority or jurisdiction at law to stay or prohibit the enforcement of the order issued by the department. Oral argument was held and briefs were filed by both parties.

This court decides that it has continuing jurisdiction of this matter. It is not true, as the department alleges in its preliminary objections, that the department and its board have exclusive jurisdiction in this matter. Once equity has assumed jurisdiction in a suit, it can retain jurisdiction to insure a just result: Ackerman v. North Huntington Twp., 437 Pa. 49, 261 A. 2d 570 (1970). Although a consent decree is not a legal determination by the court of the matters in controversy, a court decree binds the parties with the same force and effect as if a final decree had been rendered after a full hearing

on the merits: Zampetti v. Cavanaugh, 406 Pa. 259, 176 A. 2d 906 (1962). The discontinuance or settlement of an action based upon a decree requiring performance of a series of acts does not oust the court of its jurisdiction to see to the enforcement or performance of the decree: Calantzis v. Collins, 440 Pa. 354, 269 A. 2d 655 (1970); Sacred Heart Hospital of Allentown v. Lanshe, 445 Pa. 57, 282 A. 2d 331 (1971). By letter of May 16, 1974, counsel for the department agreed that this court retains jurisdiction of the original action, but denied that this court retains exclusive jurisdiction of the original action.

We agree with this view of the case, so defendant's petition will be dismissed as to enjoining the Commonwealth from proceeding on its order and the department's preliminary objections will be sustained to this extent. This court has no power to grant the requested relief here which is in the nature of a writ of prohibition: Akron Borough v. Penna. P.U.C., 453 Pa. 554, 310 A. 2d 271 (1973); Carbon County v. Leibensperger, 439 Pa. 138, 140, 266 A. 2d 632 (1970); Pa. Labor Relations Board v. Butz, 411 Pa. 360, 192 A. 2d 707 (1963). Moreover, even if the court felt that it could grant the relief requested here, under the principles of primary jurisdiction, it would not do so: General American Tank Car Corporation v. El Dorado Terminal Co., 308 U.S. 422, 60 S. Ct. 325, 84 L. Ed. 361 (1940); 2 Am. Jur., Administrative Law, §§788-797, pp. 688-702 (1962 ed.); 73 C.J.S., pp. 347-351, §40 (1951 ed.). However, the court does not lose its jurisdiction of this action merely because it dismisses the petition for injunctive action, but merely holds the cause in abeyance pending conclusion of appropriate administrative proceedings. Id. 2 Am.

Jur., supra, at §796, pp. 700-701. The issue may ultimately end up in this court.

### ORDER

And now, October 30, 1974, it is ordered that the preliminary objections of the Commonwealth, Department of Environmental Resources, are granted to the extent outlined in the foregoing opinion and the petition of defendant Pawk is dismissed as to his prayer for injunctive relief against the Commonwealth.