Commonwealth of Pennsylvania, Department of Health. In the Matter of Baker Nursing Home, Inc. Baker Nursing Home, Inc., Appellant

Argued January 31, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Michael I. Levin,* with him *William Fearen,* and *Cleckner & Fearen,* for appellant.

*John G. Knorr, III,* with him *Jennifer A. Stiller,* for appellee.

OPINION BY JUDGE ROGERS, February 24, 1977:

This is the appeal of Baker Nursing Home, Inc. from the action of the Pennsylvania Department of Health revoking the appellant's nursing home license.

The Department revoked Baker Nursing Home, Inc.'s license after an investigation, a hearing and report of an examiner, exceptions to the report and review by the Department.

The order of revocation was made on April 8, 1976 and it was appealed to this Court on May 5, 1976. On June 16, 1976 the appellant's nursing home premises at Mechanicsburg, the subject of the proceedings, were sold at sheriff's sale in execution on a judgment against appellant in the Cumberland County Court of Common Pleas.

The Department has moved that Baker's appeal be quashed for mootness. The matter is now before us on the motion to quash and on the merits. Since we grant the motion to quash, there is no need to explore the merits.

The general principles relating to mootness and unenforceable decrees were succinctly expressed in *O'Donnell v. Pennsylvania Liquor Control Board,* 158 Pa. Superior Ct. 533, 536, 45 A.2d 369, 370 (1946):

> We cannot decide moot or abstract questions. Faust v. Cairns, 242 Pa. 15, 88 A. 786. We cannot enter judgments or decrees to which effect cannot be given. Winston v. Ladner, 264 Pa. 548, 108 A. 22; Commonwealth ex rel. v. Lawler, 343 Pa. 353, 22 A.2d 900. The rule is that where . . . pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed. Commonwealth ex rel. v. Cairns, 48 Pa. Superior Ct. 265; Reichard's License, 45 Pa. Superior Ct. 606; Mills v. Green, 159 U.S. 651, 16 S. Ct. 132.

The appellant says that it "intends to attempt to obtain the premises it originally owned." It thus seeks reinstatement of its license to conduct a nursing home on premises which it no longer possesses and in which it has no present right, title or interest whatever. Even if we were to decide that the appellant's license was improperly revoked, an order of reinstatement would be of no effect because nursing home li-

censes must attach to specified premises. Section 1009 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §1009.

Appellant relies heavily on *Revocation of Wolf's License*, 115 Pa. Superior Ct. 514, 176 A. 260 (1935). In that case, a liquor license had been revoked and at the time the licensee's appeal was to be heard the term of the license had expired. It was argued by the appellee in the Superior Court that the question was moot because the court could not order reinstatement of an expired license. The Superior Court disagreed and decided the case on the merits because the then Liquor Code rendered a licensee whose license was revoked ineligible to have a license or permit for five years from the date of the revocation.

The appellant here would have us reach the same conclusion as did the *Wolf* Court based on Section 1026(b)(1) of the Public Welfare Code, 62 P.S. §1026 (b)(1), which provides that:

The department shall refuse to issue a license or shall revoke a license for any of the following reasons:

(1) Violation of or non-compliance with the provisions of this act or of regulations pursuant thereto. . . .

The appellant says this provision renders it permanently ineligible for future licensure by reason of the violations found to have been committed in these proceedings. We disagree with this interpretation. Section 1026(b)(1) of the Code does not preclude the issuance of a new license because of past violations by the applicant, but only requires the refusal of an application for a license for a nursing home or operation which does not conform to law or regulation *at the time of application.*

It is true that Section 1007 of the Public Welfare Code, 62 P.S. §1007, requires that the Department be

satisfied that applicants for licenses shall be responsible persons; it is not true, as the appellant here says, that if it applies for a new license at some future time it will certainly be declared by the Department to be irresponsible because of the violations which formed the basis of the Department's action here appealed from, especially as there will have been no judicial review of the merits of the Department's findings.

Our Supreme Court has decided moot questions where exceptional circumstances exist or questions of great public importance are involved, *Wortex Mills, Inc. v. Textile Workers Union of America*, 369 Pa. 359, 85 A.2d 851 (1952), or when the question raised is by necessity a recurring one. *Werner v. King*, 310 Pa. 120, 164 A. 918 (1933). The circumstances of the instant case present neither exception, so that we enter the following

ORDER

AND Now, this 24th day of February, 1977, the motion to quash by appellee, the Pennsylvania Department of Health, be and is hereby granted and the appeal of appellant, Baker Nursing Home, Inc., be and is hereby quashed for mootness.