# Faust, Appellant, v. Cairns.

*Appeals—Moot questions—Preliminary injunction—Dismissal of appeal.*

1. It is not the province of courts to give opinions on moot questions or abstract propositions and to enter judgments or decrees to which effect cannot be given.

2. An appeal from an order refusing a preliminary injunction to restrain the continuance of a quarantine established by a board of health was dismissed, where it appeared that the quarantine was removed on the day the appeal was taken, and more than three months before the argument of the appeal.

Argued May 6, 1913. Appeal, No. 47, Jan. T., 1913, by plaintiff, from decree of C. P. No. 4, Philadelphia Co., Dec. T., 1912, No. 3730, refusing preliminary injunction in case of Marguerite Faust, through her Attorney in Fact, D. Challiss Faust, v. A. A. Cairns, M. D., Chief Medical Inspector of the Bureau of Health, and James Robinson, Superintendent of Police. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Appeal dismissed.

Bill in equity to restrain a board of health from maintaining a quarantine. Motion for preliminary injunction.

The opinion of the Supreme Court states the case.

The court made an order refusing a preliminary injunction. Plaintiff appealed.

*Error assigned* was the order of the court.

*C. Oscar Beasley,* for appellant.

*James Gay Gordon, Jr.,* Asst. City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellees, were not heard.

PER CURIAM, June 27, 1913:

This appeal is from an order refusing a preliminary injunction to restrain the continuance of a quarantine established by the Board of Health of Philadelphia of premises on which a case of smallpox had developed. The appeal was taken on the day that the quarantine was removed, more than three months before the argument of this appeal, and all restraint on the appellant was removed at that time. She has since been at liberty to come and go as she willed and no decree that we could enter would enlarge the privilege that she now enjoys. There is, therefore, no actual controversy for decision. It is not the province of courts to give opinions on moot questions or abstract propositions and to enter judgments or decrees to which effect cannot be given. We concur in the views on this subject found in the opinion of the learned president judge of the Superior Court in Commonwealth v. Cairns, 48 Pa. Superior Ct. 265.

The appeal is dismissed.