373 A.2d 748

COLONIAL GARDENS NURSING HOME, INC., Individually and on behalf of all patients currently in residence, Appellees,

v.

Leonard D. BACHMAN, Secretary of Health, William R. Montgomery, Deputy Secretary of Health for Public Health Programs, Richard S. Zarin, Director of Quality Assurance, Jeffrey B. Schwartz, Chief Counsel to Department of Health, Appellants.

Supreme Court of Pennsylvania.

Argued April 21, 1977.

Decided June 3, 1977.

Jennifer A. Stiller, John G. Knorr, III, David F. Phifer, Reed Hamilton, Asst. Attys. Gen., for appellants.

Lester J. Schaffer, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellee, Colonial Gardens Nursing Home, Inc., is a nursing home duly licensed by the Commonwealth of Pennsylvania. On June 18, 1976, the Department of Health of the Commonwealth of Pennsylvania issued a rule to show cause why appellee's license should not be revoked because of appellee's failure to correct certain alleged deficiencies existing at the nursing home. Administrative hearings began in September of 1976. During the pendency of the administrative proceedings, ap-

pellee filed a complaint in the Commonwealth Court against appellants, who occupy various positions in the Department of Health. Appellee sought to enjoin the officials of the Department of Health from proceeding with the administrative hearings. On December 15, 1976, the Commonwealth Court issued a preliminary injunction suspending the administrative hearings for a period of thirty days. The injunction also (1) ordered the Department of Health to conduct an inspection of the appellee's nursing home to determine whether the nursing home was in compliance with the applicable regulations of the Department of Health, (2) ordered that the record of the inspection be made a part of the official records of the administrative proceedings, (3) ordered the hearing examiner to consider the inspection report in making his conclusions in the administrative hearings, (4) ordered that a record of the inspection be lodged with the chief clerk of the Commonwealth Court, (5) ordered a resumption of the administrative hearing at the end of thirty days or later if the inspection was not completed within thirty days, (6) ordered that the administrative hearing then be promptly terminated, (7) ordered that the final order resulting from the administrative hearing be sent to the nursing home and also be lodged with the chief clerk of the Commonwealth Court, and (8) ordered that a hearing be held in the Commonwealth Court upon praecipe of the nursing home after the entry of a final order in the administrative hearing.

Appellants, Leonard D. Bachman, Secretary of Health, William R. Montgomery, Deputy Secretary of Health for Public Health Programs, Richard S. Zarin, Director of Quality Assurance, and Jeffrey B. Schwartz, Chief Counsel to Department of Health, contend that the Commonwealth Court erred in issuing the preliminary injunction. We agree. A court of equity should not interfere, in the absence of a showing of irreparable harm, with an administrative proceeding. *Borough of Akron v.*

*Pennsylvania Pub. Util. Comm.,* 453 Pa. 554, 310 A.2d 271 (1973). The administrative proceeding provides an adequate legal remedy. The Commonwealth Court itself has held that equity has jurisdiction only in the absence of a full, complete, and adequate remedy at law. *St. Joe Minerals Corporation v. Goddard,* 14 Pa.Cmwlth. 624, 324 A.2d 800 (1974); *Wolf v. Tominac,* 11 Pa.Cmwlth. 209, 315 A.2d 314 (1973). The record in this case contains no evidence from which it can be concluded that the appellee would suffer irreparable harm while pursuing its rights in the administrative proceedings. Appellee's right to continue to operate was not affected during the pendency of the administrative proceedings. At the time the preliminary injunction was issued, it was not yet known whether the administrative proceedings would result in a final order favorable or unfavorable to the appellee. If the final order were favorable, appellee would have no need to pursue further relief. If the final order were unfavorable to the appellee, its rights could have been fully protected by pursuing an appeal from the final order entered in the administrative proceedings.

■ Since the issuance of the preliminary injunction, the administrative proceedings have resumed. This, however, does not render this appeal moot. Were we to consider this appeal moot, preliminary injunctions interfering with administrative proceedings for limited periods of time would escape review. The effect of the injunction would terminate prior to the hearing of the matter on appeal. This Court will decide substantial questions, otherwise moot, which are capable of repetition unless settled. *Werner v. King,* 310 Pa. 120, 164 A. 918 (1933); *Devlin v. Osser,* 434 Pa. 408, 254 A.2d 303 (1969). Such issues may not evade appellate review on the basis of mootness.

The decree issuing a preliminary injunction is reversed. Each party to pay own costs.