Brookline Manor Convalescent Rest Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued January 31, 1985, before Judges CRAIG and COLINS and Senior Judge BLATT, sitting as a panel of three.

*Charles O. Barto, Jr.,* for petitioner.

*Bruce G. Baron,* with him, *Jeffrey Gonick,* for respondent.

OPINION BY JUDGE BLATT, June 4, 1985:

Brookline Manor Convalescent Rest Home (Brookline Manor) appeals here from an order of the Executive Deputy Secretary of the Department of Public Welfare (DPW) which held that Brookline Manor could not depreciate demolished assets in its cost reports for 1977 and 1978.

The record reveals that, in mid-1977, Brookline Manor demolished a portion of its facility, replacing it with a new structure, as a result of substantial safety code violations cited by the Department of Health. Brookline Manor depreciated both the demolished building and the new structure for cost reporting years 1977 and 1978. The DPW disallowed the claimed depreciation with respect to the demolished asset. An appeal by Brookline Manor resulted in a reversal of DPW's initial determination by the Office of Hearings and Appeals on July 5, 1983. The DPW then filed a petition for reconsideration with the Executive Deputy Secretary of DPW on July 20, 1983. Brookline Manor filed an answer thereto on July 29, 1983 and the Executive Deputy Secretary issued his opinion reversing the Office of Hearings and Appeals on October 19, 1983.

Brookline Manor initially argues that, pursuant to 1 Pa. Code §35.241(d), the DPW's petition for reconsideration was "deemed denied" thirty (30) days after it was filed because the Executive Deputy Secretary failed to act upon it within that time period.[1] It further contends that because DPW did not appeal to

---

[1] We note that appeals by providers of Medical Assistance benefits are subject to the rules of procedure set forth in 1 Pa. Code §§31.1-35.251. The DPW acknowledges this in its brief and further points out that the rules of procedure set forth in the Public Assistance Manual at 55 Pa. Code §§275.1-275.4 are applicable to recipients of public assistance only.

our Court from the "deemed denial", see Pa. R.A.P. 1512, the decision of the Office of Hearings and Appeals became final.

The DPW, on the other hand, contends that the thirty day period in which the agency must respond to a petition for reconsideration pursuant to 1 Pa. Code §35.241(d) was tolled when Brookline Manor filed its answer to that petition on July 29, 1983. It maintains that, once an answer had been filed by Brookline Manor, the Executive Deputy Secretary has an unlimited period of time in which to rule upon the merits of the petition for reconsideration.

1 Pa. Code §35.241 provides, in pertinent part, that:

\* \* \* \*

(c) Response. No answers to petitions for rehearing or reconsideration will be entertained by the agency. If, and to the extent, however, that rehearing or reconsideration is granted by the agency head, a response in the nature of an answer may be filed by any participant within 15 days after the issuance of the order granting rehearing or reconsideration. Such response shall be confined to the issues upon which rehearing or reconsideration has been granted.

(d) Action on. Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, or within such lesser time as may be provided or prescribed by law, such application shall be deemed to have been denied.

Clearly, the order issued by the Executive Deputy Secretary of DPW on October 19, 1983 resolving *the merits* of the petition for reconsideration was *not* within thirty days of the petition's filing date—July

20, 1983. The question remaining, therefore, is whether or not the answer filed by Brookline Manor serves to toll the time period during which the Executive Deputy Secretary must act.

Our review of 1 Pa. Code §35.241(c) indicates that, upon receiving a petition for reconsideration, the agency head must make an initial determination either to grant or to refuse to grant the petition. We find support for our view in the fact that the agency head can entertain an answer to a petition for reconsideration only after he has granted that petition and in the fact that the answer, which must be filed within fifteen (15) days of the determination to grant the petition, is "confined to the issues upon which rehearing or reconsideration has been granted." 1 Pa. Code §35.-241(c). Additionally, we believe that, if the petition were granted or denied within thirty (30) days of its filing, the agency head would have complied with the mandate of 1 Pa. Code §35.241(d)—i.e. to act upon the petition within thirty (30) days. We would further note that our Court has held that the time limits set forth in 1 Pa. Code §35.241 are to be strictly enforced. See Mayer v. Unemployment Compensation Board of Review, 27 Pa. Commonwealth Ct. 244, 366 A.2d 605 (1976).

Furthermore, if we were to accept the DPW's argument that the filing of an answer by Brookline Manor tolled the thirty (30) day period in which the Executive Deputy Secretary must act, 1 Pa. Code §35.241(d), we would be approving a practice whereby the opposing party, here Brookline Manor, could strip the agency head of his power to grant or deny reconsideration simply by filing an answer to the petition for reconsideration. The result would be that, under the circumstances presented here, the Executive Deputy Secretary would have no choice concerning whether

or not to grant reconsideration. We believe this would be contrary to the basic intent of 1 Pa. Code §35.241(c). We conclude, therefore, that Brookline Manor's premature[2] filing of an answer to the DPW's petition for reconsideration, while it could not be considered by the Executive Deputy Secretary, had no effect on his duty to act upon the petition within thirty (30) days. Moreover, where, as here, the department head fails to act within thirty (30) days, he no longer retains the power to rule on the merits of the petition.

Inasmuch as the Executive Deputy Secretary failed to act upon the DPW's petition for reconsideration within thirty (30) days of its being filed, we must hold under 1 Pa. Code §35.241(d) that the petition has been deemed denied. Thereafter, the order of the Office of Hearings and Appeals became final.

Accordingly, we hold that the order of the Executive Deputy Secretary issued on October 19, 1983 is null and void and we reinstate the order of the Office of Hearings and Appeals.

## ORDER

AND Now, this 4th day of June, 1985, having concluded that the order of the Executive Deputy Secretary of the Department of Public Welfare is void in the above-captioned matter, we hereby reinstate the order of the Office of Hearings and Appeals.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[2] Brookline Manor's answer was premature here because the Executive Deputy Secretary had not, as of July 29, 1983, issued an order granting or denying the petition for reconsideration. *See* 1 Pa. Code §35.241(c).