512 A.2d 59

Pine Haven Residential Care Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 4, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Larry B. Maier*, with him, *E. Richard Young, Jr.,* for petitioner.

*Howard Ulan*, Assistant Counsel, with him, *Myra Werrin Sacks*, Assistant Counsel, and *John Kane*, Acting Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, June 3, 1986:

Before this court are two petitions for review filed by Pine Haven Residential Home (Pine Haven). Pine Haven petitions for review of an order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare (Department), which sustained the Department's revocation of Pine Haven's Personal Care Boarding Home license. Pine Haven also petitions for review of an order of the Executive Deputy Secretary, which modified the prior order by adding a provision barring Pine Haven from reapplying for a license. By this court's order, dated July 9, 1985, Pine Haven's two petitions for review were consolidated. We affirm the order of the Director of the Office of Hearings and

Appeals, and hold that the order of the Executive Deputy Secretary is null and void.

Upon a routinely scheduled inspection of Pine Haven, the Department found a number of deficiencies of the Personal Care Boarding Home regulations, and requested a plan of correction within fifteen days. Although no such plan was provided, the Department issued Pine Haven a thirty day provisional license to operate until such a plan of correction was provided. On June 25, 1984, upon failure to submit such a plan, Pine Haven was notified that its license to operate was revoked. On July 19, 1984, Pine Haven submitted a proposed plan of corrective action, and filed its appeal of the revocation with the Department.

Following a hearing, the Director of the Office of Hearings and Appeals adopted the hearing officer's recommendation and sustained the revocation of Pine Haven's license. Both Pine Haven and the Department requested reconsideration of that decision. The Executive Deputy Secretary of the Department granted the Department's request for reconsideration and ordered that Pine Haven be barred from reapplying for a license.

Pine Haven contends that the findings of the hearing officer are not supported by substantial evidence, and requests this court to reverse both orders, and reinstate its license. Pine Haven further contends that the Executive Deputy Secretary was without authority to modify the order of the Director of the Office of Hearings and Appeals, and that the Executive Deputy Secretary did not act on the requests for reconsideration in a timely fashion. Thus, Pine Haven requests, in the alternative, that the order of the Executive Deputy Secretary be stricken, and that the order of the Director of the Office of Hearings and Appeals be reinstated.

Our scope of review is governed by section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. We must affirm an adjudication unless a necessary finding is not supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Borough of Wilkinsburg v. Sanitation Department*, 16 Pa. Commonwealth Ct. 640, 330 A.2d 306 (1975).

Under the Department's regulations, a certificate of compliance may be denied or revoked when, upon inspection, it is found that the facility does not comply with the Department's program licensure or approval regulations. 55 Pa. Code §20.71(a)(2). In addition, a certificate of compliance may be denied or revoked for failure to submit an acceptable plan to correct noncompliance items, 55 Pa. Code §20.71(a)(3), for gross incompetence, negligence, or misconduct in operating the facility, 55 Pa. Code §20.71(a)(6), or for fraud or deceit in attempting to obtain a certificate of compliance. 55 Pa. Code §20.71(a)(7).

In this case, upon inspection, the Department found various deficiencies, such as bathroom tiles needing to be replaced, food menus not posted, insufficient clothes closet space, inadequate staffing, inadequate record keeping regarding the dispensing of medication, the use of unsuitable residents as staff persons, *i.e.*, night watchmen, and failure to submit a plan of correction. Thus, the Department based its refusal to grant Pine Haven a license renewal on noncompliance with the regulations, fraud and deceit in obtaining a license, and gross incompetence, neglect and misconduct.

The hearing officer found that two residents were employed as night watchmen. They were required to make hourly rounds during the night to check if other residents needed service. Pine Haven contended that neither was a personal care resident, but simply resided

there for convenience. The hearing officer found this to be untrue. Furthermore, while regulations do permit some residents to be used as staff, they must be capable of so functioning. The hearing officer found each to be suffering from severe health and/or mental problems of such degree as to be unable to function.

The hearing officer's determination that staff was not actually present at the facility to provide service is supported by substantial evidence. Also, the findings of dirty conditions in the bathrooms, bedrooms, and closets, and the failure to post accurate menus are supported by substantial evidence, as are the findings of gross incompetence and neglect.

Moreover, Pine Haven did not submit a plan of correction until July 19, 1984. This is sufficient, in itself, for revocation. The hearing officer's finding that Pine Haven did not keep daily written records of all staff schedules was amply supported by substantial evidence. Any one of the above violations would be sufficient grounds for refusal to issue a license. *See Colonial Gardens Nursing Home, Inc. v. Department of Health*, 34 Pa. Commonwealth Ct. 131, 382 A.2d 1273 (1978). Accordingly, we affirm the order of the Director of the Office of Hearings and Appeals, which sustained the revocation of Pine Haven's license.

We agree with Pine Haven that the Executive Deputy Secretary did not act timely on the requests for reconsideration. Pine Haven requested reconsideration of the order of the Director of the Office of Hearings and Appeals on January 30, 1985. The Department requested reconsideration of that order on February 4, 1985. On May 9, 1985, the Executive Deputy Secretary granted the Department's request for reconsideration, and ordered that Pine Haven be barred from reapplying for a license. A petition for reconsideration must be acted on by the Department within thirty days of its

6

being filed, or it is deemed denied. *Brookline Manor Convalescent Rest Home v. Department of Public Welfare,* 89 Pa. Commonwealth Ct. 630, 492 A.2d 1207 (1985). Thus, we hold that the order of the Executive Deputy Secretary is null and void.

ORDER

NOW, June 3, 1986, the order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare in the above-captioned matter, dated January 21, 1985, is affirmed. The order of the Executive Deputy Secretary of the Department of Public Welfare in the above-captioned matter, dated May 9, 1985, is null and void.