556 A.2d 1

Miller Home, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 15, 1988, before Judge SMITH, and Senior Judges KALISH and NARICK, sitting as a panel of three.

*Harold R. Berk,* with him, *Caroline C. Rubin, Harold R. Berk Associates,* for appellant.

*Andrew A. Coates,* with him, *Howard Ulan,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, January 20, 1989:

Miller Home, Inc. (Miller) appeals an order of the Pennsylvania Department of Public Welfare, Office of Mental Health, Personal Homes Division (Department) revoking Miller's license to operate a personal care home.

Miller is a personal care home located at 3214 Baring Street, Philadelphia, Pennsylvania, which applied for and obtained a license to operate pursuant to Article X of the Public Welfare Code (Code)[1] and 55 Pa. Code §26.20. Miller has 34 residents. The Department revoked the regular license of Miller and issued a provisional license due to violations of Regulation No. 2-30-82a (Medication-Follow Prescription) and other medication violations discovered by the Department during an inspection on March 5, 1986.[2] The Department sent inspectors to Miller's home unannounced on June 17, 1986,[3] and October 28, 1986,[4] and repeat violations of

---

[1] Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §§1001-1080.

[2] Exhibit C-3, Statement of Deficiencies and Plan of Correction and Exhibit C-7, December 17, 1986 letter from the Department to Beth Lieberman.

[3] Exhibit C-4, Statement of Deficiencies and Plan of Correction.

[4] Exhibit C-6, October 29, 1986 urgent letter from the Department to Beth Lieberman.

the same regulation were noted and cited together with violations of additional regulations. Repeatedly the enrolled provider[5] represented in writing that corrections had been made, yet the same or similar medication violations were found on subsequent inspections.[6] On the last of the series of inspections, October 28, 1986, the highest number of medication violations were found. (Exhibit C-6.)

In November of 1986, Miller was managed by Barbara Reese (Reese). Reese had a son, Gilbert Reese, who lived with her at the home. On certain shifts during October and November when an employee was absent, Gilbert Reese was requested by Reese to act as a substitute and perform the responsibilities of the absent employee. On or about November 7, 1986, Gilbert Reese punched resident Joyce Tymes resulting in her hospitalization for broken bones around the eye. The Department found that Gilbert Reese, on prior occasions, had other, less physical, altercations with residents of the facility which required police intervention on two occasions.[7] Reese subsequently resigned as manager of Miller. Lieberman, had no personal knowledge of the incident that occurred between Gilbert Reese and Joyce Tymes. (Adjudication Finding of Fact No. 6.)

By letter dated December 17, 1986,[8] the Department revoked Miller's license pursuant to Section 1026

---

[5] Pursuant to §55 Pa. Code 20.13 Beth Lieberman served as the "person who is responsible for the daily operation of the facility or agency." This position is referred to as "provider."

[6] Notes of Testimony, March 18, 1987, (N.T.) at 16-22.

[7] Department's Adjudication, November 6, 1987, (Adjudication) Finding of Fact No. 5 at 2.

[8] Exhibit C-7, December 17, 1986 letter from the Department to Beth Lieberman.

(b)(1) and (5) of the Code, 62 P.S. §1026(b)(1) and (5).[9] The Department found that Miller's repeated failure to comply with the Plan of Correction and to correct non-compliance items was also a violation of 55 Pa. Code §20.71(a)(3) and (4). Miller filed a timely appeal and a hearing was held on March 18, 1987, at which Miller offered testimony regarding subsequent efforts to correct the violations. On November 6, 1987, the Department accepted the hearing officer's recommendation and Miller's appeal was denied.[10] Miller now appeals to our Court.

Initially, we note our scope of review is governed by Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Our Court may overturn an adjudication of a Commonwealth agency if the adjudication is not in accordance with the law or if any of the Findings of Fact are not supported by substantial evidence. *Commonwealth*

---

[9] Section 1026(b) of the Code states:

(b) The Department shall refuse to issue a license or shall revoke a license for any of the following reasons

(1) Violation of or non-compliance with the provisions of this act or of regulations pursuant thereto;

. . .

(5) Mistreating or abusing individuals cared for in the facility.

[10] The Department concluded:

It is argued by appellant that Miller is now under new, well-qualified management and that the conditions complained of by the Department have been now corrected. It is further argued that this improved condition should be relevant to the Recommendation of the hearing attorney.

The hearing attorney concludes and recommends that improvements in management and conditions subsequent to the period for which Miller Home Inc. was cited are irrelevant to this appeal from the Department's action of revocation of Miller's license to operate a Personal Care Home.

Adjudication at 3.

*of Pennsylvania, Department of Health v. Brownsville Golden Age Nursing Home, Inc.*, 103 Pa. Commonwealth Ct. 449, 520 A.2d 926 (1987); *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Miller argues that where violations are cited by the Department, the Department must consider corrective action by the personal home care provider pursuant to 55 Pa. Code §20.52 and Section 1026(a) of the Code.[11] Miller argues the Department failed to consider evidence regarding a substantial reorganization and a plan of correction.

The Department argues that a holder of a license to operate a personal care home has a qualified right to only one opportunity to correct violations. It also argues that Miller should be held accountable for the misconduct of Gilbert Reese, whom the Department argues was Miller's employee, even if Lieberman had neither actual nor constructive notice of the misconduct.

Under the Department's regulations, a certificate of compliance may be denied or revoked when, upon inspection, it is found that the facility does not comply with

---

[11] 55 Pa. Code §20.52 states:
*Plan of correction.*

If, during an inspection, authorized agents of the Department observe items of noncompliance with licensure or approval regulations, the legal entity shall establish an acceptable period of time to correct these items.

62 P.S. §1026(a) states:

*Refusal to issue license; revocation; notice* (a) Whenever the department, upon inspection or investigation shall learn of violation of this act or of regulations adopted by the department pursuant to this act, it shall give written notice thereof to the offending person to take action to bring the facility into compliance with this act or with the relevant regulations within a specified time.

the Department's program licensure or approval regulations. 55 Pa. Code §20.71(a)(2). Also, a certificate of compliance may be denied or revoked for failure to submit an acceptable plan to correct noncompliance items, 55 Pa. Code §20.71(a)(3), and for gross incompetence, negligence, or misconduct in operating the facility, 55 Pa. Code §20.71(a)(6).

In the case *sub judice* the Department's decision to revoke Miller's license was based upon the fact that during an inspection of the facility on July 12, 1985, medication violations were found and cited. Subsequently, violations of the same regulations and medication violations were again cited during an unannounced visit on March 5, 1986, resulting in the revocation of a regular license and the issuance of a provisional license. During an inspection of June 17, 1986, medication violations were once again cited. Finally, during an unannounced visit on October 28, 1986, continuing medication violations were found. Thus, substantial evidence exists to support the Department's conclusion that Miller has repeatedly failed to comply with the plan of correction and to correct non-compliance items in violation of 55 Pa. Code §20.71(a)(4).

Miller argues that the Department has failed to consider its substantial reorganization and plan of correction. This argument is without merit. We recognize that Section 1026 of the Code conflicts directly with other sections concerning the proper response to the discovery of a violation. Section 1026(a) of the Code provides an opportunity for correction while Section 1026(b) provides for revocation of the license. However, from the Department's initial inspection on July 12, 1985, until the Department's last inspection on October 28, 1986, a period of more than fifteen months, Miller was given several opportunities but failed to correct the non-com-

pliance items and comply with the plan of correction.[12] The Department had sufficient grounds for revocation of Miller's license. *See Pine Haven Residential Care Home v. Department of Public Welfare*, 99 Pa. Commonwealth Ct. 1, 5, 512 A.2d 59, 61 (1986).

Miller's second argument is that the revocation of its license pursuant to Section 1026(b)(5) of the Code is unsupported by substantial evidence because Gilbert Reese was not an employee of Miller. We disagree. Substantial evidence supports the Department's finding that Joyce Tymes was abused by a staff person, Gilbert Reese, who had been hired by the manager subsequent to his having altercations with the residents in the facility which necessitated police intervention on two occasions.[13] Section 1026(b) of the Code states that where individuals cared for in the facility are mistreated or abused the Department shall revoke the license. Lieber-

---

[12] The Department issued Miller a provisional license pursuant to Section 1008 of the Code, 62 P.S. §1008, in March 1986. However, this section provides:

> When there has been substantial but not complete compliance with all the applicable statutes, ordinances and regulations and when the applicant has taken appropriate steps to correct deficiencies, the department *shall* issue a provisional license for a specified period of not more than six months which *may* be renewed three times. Upon full compliance, a regular license shall be issued immediately. (Emphasis added.)

Miller had been given two provisional licenses. (N.T. at 24.) As emphasized, any provisional license beyond the first is discretionary. Additionally, a regular license shall be issued immediately *"upon full compliance."* The record indicates there was not full compliance by Miller.

[13] The record indicates that Gilbert Reese lived at Miller with Reese and often substituted for employees of Miller who could not attend work. (N.T. at 64-65.) In addition, Gilbert Reese's name appeared on staff schedules on several occasions (N.T. at 28 and Exhibit A-2). *See also* N.T. at 8-10.

man's unawareness of Gilbert Reese's conduct is immaterial to a determination that Miller was in violation of the Code.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of January, 1989, the order of the Pennsylvania Department of Welfare, dated November 6, 1987, at File No. 34-87-002, is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.