606 A.2d 606

Shirley BURROUGHS, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 1991.

Decided March 23, 1992.

Cornelia Weathers, for petitioner.

Belinda Davis–Branch, Asst. Counsel, for respondent.

Before PALLADINO and SMITH, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

Shirley Burroughs appeals an order of the Office of Hearings and Appeals (OHA) of the Department of Public Welfare (DPW) that adopted a recommendation of a DPW hearing examiner that Burroughs' appeal of two determinations of DPW be denied. The first of these determinations denied Burroughs' application for a certificate of compliance to operate a child day care center located at Old York Road, Philadelphia. The second DPW determination directed Burroughs to cease and desist operation of a second child day care center located at Ogontz Avenue, Philadelphia.

The facts of this case as found by the hearing officer with respect to the Old York Road day care center are as follows. On October 26, 1986, Burroughs, the owner and operator of the Old York Road day care center, applied to DPW for a certificate of compliance to operate that facility. In 1988, DPW conducted three inspections of the Old York Road facility and discovered at each inspection various violations of DPW regulations regarding child day care facilities.[1] On December 28, 1988, DPW informed Bur-

---

1. The hearing officer found that at the first inspection there were ten "areas of non-compliance with the [DPW] regulations," while at the third inspection there were "at least six" such areas. Hearing Officer Decision, at 2. The hearing officer made no finding with respect to the number of violations found during the second inspection.

   As noted on DPW's License/Approval/Registration Inspection Summary for the Old York Road facility dated April 18, 1988, the alleged violations at the first inspection included, among others, operating

roughs by letter that it was denying Burroughs' application for a certificate of compliance. A fourth inspection conducted by DPW in June, 1989, found the Old York Road facility continued to violate applicable DPW child day care facility regulations.[2]

With respect to the Ogontz Avenue facility (which is also owned and operated by Burroughs), DPW again conducted three inspections all of which revealed that the facility was in violation of various DPW regulations for child day care facilities. By letter dated January 13, 1989, DPW directed Burroughs to cease and desist operation of the Ogontz Avenue facility. Again, a fourth inspection conducted by DPW in June, 1989, revealed regulatory violations at the Ogontz Avenue facility.[3]

Burroughs filed timely appeals of DPW's December 28, 1988 and January 13, 1989 determinations. The hearing officer recommended that both appeals be denied. OHA adopted the recommendation of the hearing officer and ordered the appeals denied. Burroughs appeals the order of OHA to this court.

█ Our scope of review in an appeal of an adjudication of DPW is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Miller Home, Inc. v. Department of Public Welfare*, 124 Pa.Commonwealth Ct. 198, 556 A.2d 1, *peti-*

without a license, failure to have liability insurance, inadequately qualified staff, inadequate staff/child ratios, and facility defects including inadequate stairway lighting and uncovered hot water pipes. DPW Exhibit 1.

2. The hearing officer found that the fourth inspection revealed that there were 10 areas of non-compliance at the Old York Road facility. Hearing Officer Decision, at 3.

3. The hearing officer found that the number of violations at the Ogontz Avenue facility for the first through fourth inspections was 14, 12, 6, and 18, respectively. Hearing Officer Decision, at 3. The nature of the violations was similar to that of the violations found at the Old York Road facility.

*tion for allowance of appeal denied,* 522 Pa. 621, 563 A.2d 889 (1989).

In her brief on this appeal, Burroughs concedes that she "has never contested that there were areas of non-compliance. She does maintain, however, that she has substantially complied with the Departmental standards." Burroughs' Brief, at 13. Burroughs' argument on appeal is that because she has substantially complied with the corrective measures called for by DPW following its inspections of Burroughs' facilities, she is, as a matter of law, entitled to a provisional certificate of compliance pursuant to Title 55 of the Pennsylvania Code, subsection 20.54(a). That regulation states:

> A provisional certificate of compliance is issued if the facility or agency is in substantial, but not complete, compliance with applicable statutes, ordinances, and regulations.

55 Pa.Code § 20.54(a); *see also* section 1008 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 1008 (stating DPW "shall issue a provisional license" where substantial compliance has been achieved).[4]

Though the above regulation and statute contemplate issuance of provisional certificates of compliance, we conclude in this case that Burroughs has not demonstrated the substantial compliance necessary to be issued one. The

---

**4.** Burroughs has thus not argued on this appeal that she is entitled to a (regular) certificate of compliance.

This court has previously held that a violation of any of the factors specified in subsection 1026(b) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 1026(b), is sufficient ground for refusal to issue a certificate of compliance. *Colonial Gardens Nursing Home, Inc. v. Department of Health,* 34 Pa.Commonwealth Ct. 131, 382 A.2d 1273 (1978). In this case, the record amply supports the determination of DPW that with respect to each of Burroughs' two facilities there has been "[v]iolation of or non-compliance with the provisions of this act or of regulations pursuant thereto." 62 P.S. § 1026(b)(1); *see also* 55 Pa.Code § 20.71(a)(2) (stating DPW may deny certificate of compliance for noncompliance with DPW licensure regulations). Accordingly, this court would have been constrained to affirm the order of DPW had Burroughs argued she was entitled to a (regular) certificate of compliance for her facilities.

record before us indicates that the latest inspections of Burroughs' two facilities (performed in June, 1989) revealed that the number of regulatory violations has either increased or remained constant since the time of the first inspection. *See supra* nn. 1–3. Additionally, the record in this case indicates that at least one of those violations, that of maintaining proper staff/child ratios, was noted at seven of the eight inspections, including each of the two latest inspections of June, 1989.

To further support her argument, Burroughs cites the cases of *Miller Home* and *Pine Haven Residential Care Home v. Department of Public Welfare,* 99 Pa.Commonwealth Ct. 1, 512 A.2d 59 (1986) for the proposition that a provisional certificate of compliance is to be issued even if a facility has been found to have committed repeated violations of applicable regulations. However, those cases cannot be read to stand for the proposition Burroughs advances. The holdings of *Miller Home* and *Pine Haven* established only that DPW properly revoked the licenses at issue in those cases, and did not address the question of the propriety of (much less any entitlement to) DPW's initial issuance of a provisional license to the facilities involved there. Accordingly, Burroughs' reliance on those cases in the current dispute is misplaced.

The order of OHA is affirmed.

## ORDER

AND NOW, March 23, 1992, the order of the Office of Hearings and Appeals of the Department of Public Welfare in the above-captioned matter is affirmed.