**Joann MUSHENO, t/a Little Red Caboose Day Care Center, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 2, 2003.
Decided Aug. 8, 2003.

Francis G. Wenzel, Jr., Scranton, for petitioner.

Carol Ulichney, Allentown, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge (P.), and MIRARCHI, JR., Senior Judge.

SIMPSON, Judge [1].

Joann Musheno, t/a Little Red Caboose Day Care Center (Petitioner), petitions this Court for review of a final order of the Department of Public Welfare (Department) that dismissed, as moot, Petitioner's administrative appeal of the Department's issuance of a provisional certificate of compliance. We reverse and remand the matter for the Department to hear Petitioner's appeal on its merits.

Petitioner operates a child day care center in Fleetville, PA.[2] Such centers are subject to yearly licensure and inspection by the Department. 55 Pa.Code § 20.31. A child day care license is referred to as a certificate of compliance. The Department's regulations also provide for a provi-

---

1. This case was reassigned to the undersigned on June 30, 2003.

2. Section 1001 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. § 1001, defines a child day care center as "any premises operated for profit in which child day care is provided simultaneously for seven or more children who are not relatives of the operator...." *Id.*

sional certificate of compliance, which is issued "if a facility or agency is in substantial, but not complete, compliance" with applicable regulations. 55 Pa.Code § 20.54(a).

The issuance of a provisional certificate of compliance is considered an *adverse* action that may be appealed by the recipient. 55 Pa.Code § 20.81. A maximum of four consecutive provisional certificates of compliance may be issued to a legal entity per individual facility. 55 Pa.Code § 20.54(c).

Petitioner alleges that her certificate of compliance expired on August 26, 2000, and the Department scheduled a renewal inspection prior to that date. Unfortunately, the Department experienced staffing problems which resulted in the Department's rescheduling the inspection to September 11, 2000, three weeks *after* certificate expiration. After the delayed inspection, the Department issued a provisional certificate retroactive to August 26, 2000, citing areas of non-compliance that were easily and rapidly fixed.

Petitioner complained to the Department that a timely inspection would enable necessary changes to be made before certificate lapse, obviating the need for a retroactive provisional certificate. The Department's local office allegedly told Petitioner's counsel that the only reason a provisional certificate was issued was because of understaffing, and that it would not consider the issuance of the provisional certificate to be a disciplinary action but rather an accommodation to the Department. A regular certificate of compliance was eventually issued for the year October 6, 2000 to October 6, 2001.

Petitioner alleges she next arranged for the Department to inspect her premises the following year, on September 11, 2001, prior to the October 6, 2001 expiration of her certificate of compliance. Again, the Department cancelled the inspection allegedly due to illness of the inspector.

Again, the inspection was rescheduled for October 22, 2001, almost three weeks *after* expiration of her certificate. The inspection revealed ten areas of non-compliance.[3] Again, most concerns were quickly and easily remedied. The only concern requiring more time was repair of the steps.[4] Petitioner claims the steps are not used by the facility. Also, Petitioner claims the Department was aware of the condition for over three years, but never expressed concern for the steps until after her license lapsed. Petitioner's Brief at 8.

---

**3.** Those areas were: (1) Petitioner permitted a provisional staff person to work alone with children and to work for more than thirty days without valid child abuse clearances in violation of 55 Pa.Code § 3270.32(a); (2) Petitioner failed to have a source of running water for hand washing in the infant and toddler diapering areas in violation of 55 Pa. Code § 3270.80(j); (3) Petitioner did not employ a qualified director in violation of 55 Pa.Code § 3270.34(c)(b), in that the director's file did not contain documentation demonstrating her education or her child abuse and criminal clearances; (4) Petitioner failed to maintain complete staff records to demonstrate qualifications in violation of 55 Pa.Code § 3270.192; (5) day care staff did not have annual fire safety training in violation of 55 Pa.Code §§ 3270.31(c)(4)(ii) and

3270.192(2)(iii); (6) Petitioner failed to store cleaning materials in a place that was inaccessible to children in violation of 55 Pa.Code § 3270.66; (7) Petitioner failed to cover all electrical outlets in violation of 55 Pa.Code § 3270.65; (8) the refrigerator did not have a thermostat in violation of 55 Pa.Code § 3270.107; (9) a window in the facility was opened more than six inches in violation of 55 Pa.Code § 3270.72; and (10) outside steps at an exit of the facility were in disrepair in violation of 55 Pa.Code §§ 3270.21, 3270.76, and 3270.91.

**4.** Petitioner's facility is in the Benton Township Municipal Building, which is responsible for structural repairs. Reproduced Record (R.R.) at 100a.

The Department does not dispute these claims.

Before the Department approved a plan of correction, its local office recommended that a provisional certificate be issued for the period October 6, 2001 to January 6, 2002. Further, the Department notified Petitioner that, if all items of non-compliance were corrected within 90 days of the October 22, 2001 inspection date, the Department would issue a regular certificate of compliance.

After a provisional certificate issued, Petitioner filed a timely appeal. Seven days later, the Department issued a regular certificate retroactive to November 21, 2001. Then, the Department moved to dismiss the appeal as moot.

■ In Petitioner's response to the Department's motion to dismiss, she admitted that on February 4, 2002, a regular certificate of compliance issued for the year beginning November 21, 2001. Accordingly, the Department's Bureau of Hearings and Appeals (BHA) dismissed Petitioner's appeal as moot. This petition for review followed.[5]

Petitioner raises the following issues for review: (1) whether the Department erred by failing to decide Petitioner's appeal on the merits; (2) whether the Department erred by determining that Petitioner's appeal was moot when the issue concerned an "important" yearly duty of a public official; (3) whether the Department erred by determining Petitioner's appeal was moot when the Department's actions result in Petitioner's record containing two adverse provisional certificates, which she cannot appeal; and (4) whether the Department erred by determining Petitioner's appeal was moot when issuance of provisional certificates was caused by the inability of the Department's local office to perform timely yearly inspections.

■ Petitioner's arguments center on her allegations that, for two consecutive years, she was harmed by the Department's failure to make timely yearly inspections for the renewal of her certificate of compliance. The result allegedly arising from such delayed action is that Petitioner is left to operate her facility for a period of time either without any certificate of compliance or under a provisional certificate issued as a stop-gap measure until such time as the Department makes another inspection. Petitioner contends the Department's local office admitted to her that it cannot make timely inspections because it is understaffed. Reproduced Record (R.R.) 7a. No findings of fact were made on these allegations, because BHA dismissed Petitioner's appeal as moot after the Department issued a regular certificate of compliance superseding the provisional certificate. Aside from the contention that Petitioner suffers and will continue to suffer harm, the Department does not dispute her fact allegations.

The law is well-settled that an appeal will be dismissed as moot unless an actual case or controversy exists at all stages of the judicial or administrative process. *Faust v. Cairns*, 242 Pa. 15, 88 A. 786 (1913). Cases presenting mootness problems are those that involve litigants who clearly had standing to sue at the outset of the litigation. "The problems arise from events occurring after the lawsuit has gotten underway—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the out-

5. This Court's review of a final order of the Department is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Britt v. Dep't of Public Welfare*, 787 A.2d 457 (Pa.Cmwlth.2001).

come. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *In re Gross,* 476 Pa. 203, 382 A.2d 116 (1978) (quoting G. Gunther, *Constitutional Law* 1578 (9th Ed.1975)).

■ This Court will not decide moot questions. Pa. R.A.P.1972(4). Exceptions to this principle are made where (1) the conduct complained of is capable of repetition yet likely to evade review, (2) the case involves issues important to the public interest, or (3) a party will suffer some detriment without the court's decision. *Sierra Club v. Pennsylvania Public Utility Commission,* 702 A.2d 1131 (Pa.Cmwlth. 1997). Petitioner argues her appeal to the Department falls under all three exceptions.

First, Petitioner contends that the Department's repeated failure to make timely inspection of her facility, together with the Department's eventual issuance of a regular certificate of compliance, proves the Department's actions are capable of further repetition yet likely to evade review. In this regard, Petitioner notes, while the Department's regulations specifically allow for an appeal of the issuance of a provisional certificate, such appeal process is frustrated if the subsequent issuance of a regular certificate renders the appeal moot. We agree.

In *Colonial Gardens Nursing Home, Inc. v. Bachman,* 473 Pa. 56, 373 A.2d 748 (1977), the Supreme Court reversed this Court's issuance of a preliminary injunction in the administrative licensing proceedings of the nursing home. The Court held:

> Were we to consider this appeal moot, preliminary injunctions interfering with administrative proceedings for limited periods of time would escape review. The effect of the injunction would terminate prior to the hearing of the matter

on appeal. This Court will decide substantial questions, otherwise moot, which are capable of repetition unless settled. *Id.* at 59, 373 A.2d at 750 (citing *Werner v. King,* 310 Pa. 120, 164 A. 918 (1933)). *See also, Commonwealth v. Benn,* 451 Pa.Super. 538, 680 A.2d 896 (1996) (sentencing court's authority to furlough state prisoner for limited period capable of repetition, but evading review).

We also agree with Petitioner's second contention that the case is one of public importance. In *Temple University v. Dep't of Public Welfare,* 30 Pa.Cmwlth. 595, 374 A.2d 991 (1977), this Court treated the deleted revision of a medical assistance reimbursement regulation as if it were the duly enacted regulation still in effect. The Court dismissed the Department's suggestion the issue was moot, instead deciding the matter was important enough to justify acceptance of the administrative appeal. *See Revocation of Wolf's License,* 115 Pa.Super. 514, 176 A. 260 (1935) (during the appeal of Wolf's liquor license revocation, the license expired; because the revocation record existed for five years and prevented the issuance of another license, the Court determined the matter not moot). In *Werner v. King,* the Supreme Court refused to dismiss as moot the plaintiff's complaint concerning the department of revenue's yearly advertisement of a mercantile appraisers' list because the question was one that can be "raised any year hereafter, when the lists are about to be advertised, unless it is settled by us." 310 Pa. at 125, 164 A. at 919.

Petitioner's theory is that a government agency is repeatedly unable to timely perform its inspection and licensure functions, resulting in periods when the child care facility is unlicensed. Worse, the agency hides its lapses behind deficiencies, many of which are technical or pretextual, but

which delay license issuance despite ease of correction. Ultimately, the agency stifles scrutiny by granting a retroactive license. There can be no reasonable dispute that, if true, such conduct imperils the trust upon which public work relies. We conclude that the unchallenged claims here raise important public issues, official competency, candor and accountability, which survive mootness crafted through the retroactive license.

Petitioner is not entitled to a guarantee of a regular certificate. Nor is Petitioner entitled to inspections scheduled so that material facility deficiencies can be remedied prior to the expiration of its certificate. It is, however, reasonable to expect inspections scheduled so that a certificate will not lapse solely for administrative reasons. Petitioner is entitled to a hearing at which those charged with inspection and licensure functions shall respond to her claims.

Because we agree with Petitioner that this case comes within exceptions to the mootness doctrine, we reverse. We remand the matter to the Department with the direction to conduct a hearing on Petitioner's January 29, 2002, appeal of the Department's December 28, 2001, issuance of the provisional certificate of compliance covering the period October 6, 2001 to January 6, 2002.

### ORDER

AND NOW, this 8th day of August, 2003, the order of the Pennsylvania Department of Welfare in the above-captioned matter is reversed. The matter is remanded for actions consistent with this opinion.

Jurisdiction is relinquished.

DISSENTING OPINION BY Senior Judge MIRARCHI.

I must respectfully dissent.

I would gladly join with the majority opinion had the facts shown or suggested that the Department issued to Petitioner a provisional certificate *despite the fact* that Petitioner was in full compliance with the Code and all applicable regulations. In such a case, there would arguably have been a violation of the Code and/or an abuse of the Department's discretion, necessitating a remedy. When as here, however, the Department's inspection detects violations of its regulations, it has grounds to deny the issuance of a certificate of compliance. *Burroughs v. Department of Public Welfare,* 146 Pa.Cmwlth. 509, 606 A.2d 606 (1992); *Colonial Gardens Nursing Home, Inc. v. Department of Health,* 34 Pa.Cmwlth. 131, 382 A.2d 1273 (1978). In 2001, the Department found ten violations, almost none of which were disputed by Petitioner. Petitioner further concedes that in the previous year, the Department found regulatory violations. Accordingly, the Department did not err when it issued to her, on the basis of the violations, provisional certificates of compliance.

The majority appears to suggest that the violations upon which the provisional certificate was issued were "technical or pretextual." Even a cursory review of these violations shows otherwise, and almost every one is directly tied to issues of child safety. Moreover, one must be amazed that after Petitioner engaged a lawyer to negotiate with the Department concerning its previous years' issuance of a provisional certificate, Petitioner would present her facility for inspection while it suffered from numerous and rudimentary violations.

Petitioner's argument is that had the Department made its inspections sufficiently prior to the date of expiration of the certificate of compliance, she could have corrected any violations prior to the expiration date. Neither the Code nor the regulations, however, provide that the De-

partment must make inspections at a time sufficient to allow the licensee to make any corrections or improvements prior to the expiration of the current certificate, nor do they require a reinspection prior to such expiration. "Correcting [*de minimis*] violations and complying with regulations in the first instance without the necessity of correction are substantively distinct licensing requirements." *Holmes Constant Care Center v. Department of Public Welfare,* 124 Pa.Cmwlth. 42, 555 A.2d 282, 285 (1989). Only in the latter instance may a regular certificate of compliance be issued. *Id.*

There is no denying that Petitioner's allegations indicate that the Department's failure to conduct timely inspections allows at least her facility to operate for brief periods of time without a provisional or regular certificate of compliance. While this is not a welcome matter, I would suggest that the important issue is not, as the majority suggests, that our agencies can show they work with crackerjack efficiency in times of budgetary constraints. The important issue is child safety. Petitioner does not argue that the Department's actions harm children. She argues that the Department's actions could harm her business.

This brings us to the issue of remedies. The majority simply remands this matter to the Department to conduct a hearing on Petitioner's appeal of the December 28, 2001 issuance of a provisional certificate. But to what end? There is no dispute that Petitioner was not in compliance with the regulations at the date of the Department's inspection; hence, there can be no argument that the provisional certificate was issued in error. Petitioner, herself, specifically requests that this Court remand the matter to the Department to enter an order rescinding the most recent provisional certificate and ordering the issuance of a regular certificate of compliance to be effective October 6, 2001. She, however, fails to set forth any legal basis for such a remedy, and the majority does not address this issue either.

The concern of the majority, quite legitimately, is that the Department has not made timely inspections of, at least, Petitioner's facility, resulting in brief periods when the facility is not covered by a current license. The remedy for such a problem would be some form of injunctive relief. The majority, however, does not explore the basis upon which this relief may be granted, or if it is indeed even warranted by the alleged facts of this case.

Because the Department's inspection detected regulatory violations, the Department did not err by issuing to Petitioner a provisional certificate of compliance. Petitioner did not appeal the provisional certificate on the basis that she was fully in compliance with all regulations. Thus, Petitioner's ultimate desire—to be issued a regular certificate of compliance back-dated to October 6, 2001—cannot be realized even if her appeal to the Bureau of Hearings and Appeals was not rendered moot. Accordingly, I would affirm the final administrative order of the Department.